1

Philip C. Swain (SBN 150322)
pcs@foleyhoag.com

2

Jennifer Yoo (SBN 304355) (*pro hac vice* petition forthcoming)
jyoo@foleyhoag.com

3

FOLEY HOAG LLP
155 Seaport Boulevard

4

Boston, Massachusetts 02210-2600
Telephone:    617-832-1000
Facsimile:    617-832-7000

5

6

August Horvath (*pro hac vice* petition forthcoming)
ahorvath@foleyhoag.com

7

FOLEY HOAG LLP
1301 Avenue of the Americas, 25th floor

8

New York, NY 10019
Tel: 646.927.5544
Fax: 646.927.5599

9

10

Attorneys for Defendant
Unilever United States, Inc.

11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12

OAKLAND DIVISION

13

14

LISA VIZCARRA, individually, and on behalf
of those similarly situation,

Case No. 4:20-CV-02777-YGR

15

Plaintiff,

16

v.

**MEMORANDUM IN SUPPORT OF
DEFENDANT UNILEVER UNITED
STATES, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

17

UNILEVER UNITED STATES, INC.,

18

Defendant.

Date:  June 16, 2020

19

Time:  2:00 p.m.
Courtroom:  1 (1301 Clay Street)

20

Judge:  Hon. Yvonne Gonzalez Rogers

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## MEMORANDUM OF POINTS AND AUTHORITIES

This case involves Unilever United States, Inc.'s ("Unilever") Breyers Natural Vanilla ice cream product and whether its designation as "natural vanilla ice cream" communicates to consumers an extensive series of implied messages about the source of the vanilla flavoring in the ice cream.  Plaintiff alleges that it does, and then further alleges – unsupported by any factual basis – that the contents of Unilever's vanilla ice creams contradict those implied messages.

Unilever has many substantive grounds on which to dismiss the Complaint (Dkt. 1), which it expressly reserves for a later Rule 12(b)(6) motion if needed.  In this limited motion, Unilever moves that Plaintiff's claims for damages be dismissed with prejudice pursuant to Rule 12(b)(6) because in addition to Plaintiff's convoluted allegations, Plaintiff has failed to fulfill the essential requirement under the Consumer Legal Remedies Act ("CLRA") of sending a pre-filing demand notice.  Unilever further moves this court to dismiss Plaintiff's claim for injunctive relief pursuant to Rule 12(b)(1) based on lack of standing.  As defendant Unilever explains below, the lack of a pre-filing demand notice and lack of standing to pray for injunctive relief are grounds for a dismissal with prejudice.

## I.     ARGUMENT

### A.     Plaintiff's Claims for Damages Required a Pre-Filing Demand Letter Be Sent Prior to Commencing this Action

Plaintiff's claims for damages should be dismissed with prejudice because Plaintiff failed to follow the notice procedure set forth in § 1782(a) of the California Legal Remedies Act. Prior to the commencement of any action for damages pursuant to the CLRA, a consumer must satisfy the pre-filing notice requirement requiring that, at least 30 days before filing a complaint, the consumer must send written notice, by certified or registered mail, return receipt requested, to the person alleged to have violated the CLRA, giving notice of the particular violation being alleged and demanding correction or rectification of the alleged violations.  (Cal. Civ. Code §

1782(a).)  "Action for damages," as classified under § 1782(a), include claims for disgorgement

or restitution.  *See Colgan v. Leatherman Tool Group, Inc.,* 135 Ca. App.4th 663, 669 (2006)

(the remedy of restitution cannot properly be described as either 'legal' or equitable' in any

narrowly restricted signification of those terms); *Herron v. Best Buy Stores, L.P.,* 2014 U.S.

Dist. LEXIS 155015 at *8-9 (E.D. Cal. Oct. 31, 2014) (finding the difference between a claim

for damages and a claim for restitution or disgorgement is illusory when plaintiff seeks a

specific amount allegedly owed her, *i.e.* a sum of money to pay for some benefit the defendant

received from her); *In re Ford Tailgate Litig.,* 2014 U.S. Dist. Lexis 32287, *36-37 (N.D. Cal

2014) (finding pre-suit notice is required to seek *any* form of monetary relief).

Here, Plaintiff asserts claims for damages requesting, among others, "…actual and

punitive damages…." (Compl. ¶ 120), and Plaintiff's "Prayer for Relief" asks for orders

requiring Unilever to pay, among additional requests, punitive damages, restitution and

attorneys' fees to Plaintiff.  Plaintiff was thus required under § 1782(a) to give Unilever proper

notice of the violations being alleged and demand correction or rectification prior to the

commencement of this suit.  The entirety of Plaintiff's claims for monetary relief required pre-

filing notice to be sent to Unilever.

### B.   Plaintiff's Claims for Damages Should Be Dismissed with Prejudice for Failure to Satisfy the CLRA Notice Requirements

Courts have strictly adhered to the CLRA's notice requirements and have dismissed

claims with prejudice for failure to comply with the procedures set forth in § 1782(a).  Though

Plaintiff contends that a pre-filing demand was sent to Unilever, Unilever received no such

correspondence or communication.  (Ozer Decl. ¶ 6).  Accordingly, any failure to provide the

requisite notice warrants dismissal **with prejudice,** because compliance with the pre-filing

notice requirements under § 1782(a) is necessary to state a claim.  *See Outboard Marine Corp.

v. Superior Court,* 52 Cal App. 3d 30, 40-41 (1975) (holding "strict application of the [pre-filing

notice] requirement was necessary"); *Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007) (dismissing the claim for damages under the CLRA with prejudice even after plaintiff later gave notice and amended her complaint); *Laster v. T-Mobile United States, Inc.*, 407 F. Supp. 2d 1181, 1195 (S.D. Cal. 2005); *Davis v. Chase Bank U.S.A., N.A.,* 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009) (discussing multiple cases where claims were dismissed with prejudice and then subsequently dismissing the CLRA claims with prejudice due to lack of pre-filing notice). The "clear intent of the [CLRA] is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished," and the only way to accomplish the CLRA's purposes is to have a "literal application of the notice provisions." *Outboard Marine* at 40-41; *see also Von Grabe* at 1304. Allowing a plaintiff to seek damages first and then later, in the midst of a lawsuit, to give notice and amend, would destroy the clear intent of the notice requirement and thereby hinder any possibility of early settlement. *Cattie* at 950.

Plaintiff Vizcarra alleges that she sent a CLRA pre-suit demand letter to Unilever's Chief Executive Officer, Amanda Sourry, on February 13, 2020 (Complaint ¶ 121). As far as Unilever can determine, this allegation is false. Unilever has not received a demand letter relating to these matters from Ms. Vizcarra or anyone else identifying themselves as residing in this District. *See* Declaration of Courtney Ozer, submitted herewith ("Ozer Decl.") ¶ 6a.

In further allegations as to the contents of this non-existent demand letter, Plaintiff Vizcarra references the letter has having been sent by a "Plaintiff Nuñez." (Complaint ¶ 122.) Nobody named Nuñez is a party to this action. Unilever did receive a CLRA demand letter from one Steve Nuñez, who sued Unilever a few days after this action was filed in the U.S. District Court for the Central District of California. (Ozer Decl. ¶ 6b & Exs. 1-2.) That lawsuit identifies Steve Nuñez as a resident of the Central District of California, not of this District.

(Ozer Decl. Ex. 2 at ¶ 12.)

Unilever surmises that Plaintiff's counsel failed to send a CLRA demand letter on behalf of Plaintiff Vizcarra, but filed suit anyway, copying allegations from the Nuñez complaint. This is an occupational hazard of "cut-and-paste" litigation, in which plaintiffs' counsel insert the name of each new representative "plaintiff" into their mass-produced boilerplate complaints. Unilever's supposition is supported by Plaintiff's allegations, in three places in the Complaint, relating to "Plaintiff *Click or tap here to enter text*," where Plaintiff's counsel apparently neglected to enter the name of **any** Plaintiff into their form Complaint (¶¶ 98, 99, 119). Whatever may be the case, Unilever has not received a pre-suit notice from the plaintiff named in this Complaint, Lisa Vizcarra, nor from anyone represented by Plaintiff's counsel who is identified as residing in this District. (Ozer Decl. ¶ 6a.)

The "purpose of the notice requirement of section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements…" (*Outboard Marine* at 40). A demand letter previously sent to Unilever involving a different plaintiff named in a lawsuit in a different jurisdiction does not give such "sufficient notice" and does not fulfil the pre-suit demand requirement. *See Victor v. R.C. Bigelow, Inc.* 2014 U.S. Dist. Lexis 34550, at *64 (N.D. Cal. Mar. 14, 2014) (finding that there is no suggestion in the statute that notice of an earlier lawsuit – even if the subject matter is substantially similar – meets the notice requirement); *Laster* at 1196 (finding that even prior litigation on an injunctive relief claim that provides actual notice and an opportunity to correct the behavior does not exempt a party from providing notice in the manner required by § 1782(a)). Unilever could not have had "sufficient notice" of Plaintiff Vizcarra's demands by reading a letter from Plaintiff Nuñez. Unilever had no opportunity to resolve any issues with Plaintiff Vizcarra, such as by offering her a refund as it did with Plaintiff Nuñez, because Unilever was never put on notice

1   that Plaintiff Vizcarra had any claims.

2       The intent and purpose of § 1782 clearly support Unilever's position. The clear intent of

3   the act is to provide and facilitate pre-complaint settlements of consumer actions wherever

4   possible and to establish a limited period during which such settlement may be accomplished.

5   This clear purpose may only be accomplished by a literal application of the notice provisions.

6   *See Outboard Marine*, 52 Cal App. 3d at 41.  Here, Plaintiff has failed to provide notice and

7   thus failed to provide any means of potential settlement prior to commencing this action.

8   Again, without knowing that Plaintiff Vizcarra had any demands, it was impossible for Unilever

9   to try to facilitate any remedy if one was deemed appropriate.

10      Accordingly, Plaintiff's claim for damages under the CLRA must be dismissed with

11  prejudice.

12      **C.      Plaintiff's UCL Claims Based on the CLRA Should Be Dismissed**

13      An Unfair Competition Law ("UCL") violation may be established through showing one

14  of "three varieties of unfair competition—acts or practices which are [1] unlawful, or [2] unfair,

15  or [3] fraudulent."  *Herron* at *8-9 (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20

16  Cal. 4th 163, 180 (1999)). Under the unlawful prong, the UCL "borrows violations of other laws

17  and treats them as unlawful practices that the unfair competition law makes independently

18  actionable." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1168 (9th Cir. 2012) (internal

19  quotations omitted). A plaintiff who "cannot state a claim under a 'borrowed' law…cannot state

20  a UCL claim either." *See Herrejon v. Ocwen Loan Servicing, LLC,* 980 F. Supp. 2d 1186, 1206

21  (E.D. Cal. 2013) (citing *Smith v. State Farm Mut. Auto. Ins. Co.,* 93 Cal. App. 4th 700, 718

22  (2001)). If the underlying claim is dismissed, then there is no 'unlawful' act to base the

23  derivative UCL claim. Here, Plaintiff's claims for damages under the UCL prong for

24  unlawfulness require "borrowing" the CLRA and is predicated on Unilever's violation of the

25

CLRA. As determined above, however, Plaintiff is not entitled to damages under the CLRA claim because Plaintiff failed to give proper notice. This accordingly provides no basis for Plaintiff's UCL claims for relief with respect to the CLRA because Plaintiff can no longer state a claim under this "borrowed" law. Subsequently, Plaintiff cannot seek "disgorgement and restitution of all monies" under the UCL based on Unilever's alleged violation of the CLRA.

Accordingly, Plaintiff's claims for relief under the UCL should also be dismissed.

**D.    Plaintiff Lacks Standing to Seek Injunctive Relief**

Plaintiff lacks standing to pursue injunctive relief.  In order to demonstrate such standing, a plaintiff must allege that a "real or immediate threat" exists that she will be wronged again. *City of Los Angeles v. Lyons,* 461 U.S. 95, 11 (1983); *see also* Chapman *v. Pier 1 Impos. Inc.,* 631 F.3d 939, 946 (9th Cir. 2011).  The threatened injury must be real and immediate, not conjectural or hypothetical.  *See Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 403 (2013). However, courts have repeatedly found that plaintiff's knowledge of allegedly unlawful or misleading conduct precludes standing for injunctive relief under Article III because the plaintiff cannot prove that she will, in the future, rely on the challenged statement to her detriment, even if she claims she would purchase the product again.  *See Jackson v. General Mills, Inc.,* 2019 U.S. Dist. LEXIS 162447, at *13 (S.D. Cal. Sept. 20, 2019) (dismissing plaintiff's claims that she would purchase the product again if the alleged issues were remedied and finding there is no reason to suppose that a change in product labeling to inform plaintiff of what she already knows would prompt her to repurchase the same product she was dissatisfied with); *see also Joslin v. Clif Bar & Co.,* 2019 U.S. Dist. LEXIS 192100, at *12-13 (N.D. Cal. Aug. 26, 2019) (finding "Plaintiffs cannot possibly be deceived in the future because white chocolate is not listed on the Products' ingredient list… If Plaintiffs do not want products that do not contain real white chocolate, the Court is hard pressed to see how Plaintiffs would be able to allege the requisite

1   future harm."); *See Rahman v. Mott's LLP*, 2014 U.S. Dist. LEXIS 147102, at *17 (N.D. Cal.

2   Oct. 15, 2014) (finding that absent showing a likelihood of future harm, a plaintiff may not

3   manufacture standing for injunctive relief simply by expressing an intent to purchase the

4   challenged product in the future); *see also Ham v. Hain Celestial Grp., Inc.,* 70 F. Supp. 3d

5   1188, 1196 (N.D. Cal. 2014) (finding that consumers who were misled by deceptive food labels

6   lack standing for injunctive relief because there is no danger that they will be misled in the future

7   and dismissing claims for injunctive relief with prejudice because plaintiff was made aware of

8   the product ingredients and could not allege that she would be fraudulently induced to purchase

9   the products in the future); *see also Anderson v. Hain Celestial,* 87 F. Supp. 3d 1226, 1234 (N.D.

10  Cal. 2015) ("…concur[ring] with those district courts that have required a false-labeling plaintiff

11  to demonstrate potential repetition of harm in order to demonstrate Article III standing for

12  injunctive relief" and finding plaintiff in this case had no standing to assert her claims for such

13  relief because she is now aware that defendant's products "are not 'natural' enough for her and

14  she is unlikely to purchase these products again considering her alleged desire to purchase only

15  products without artificial, synthetic or extensively processed ingredients")*; see also Garrison v.*

16  *Whole Foods Mkt. Grp., Inc.,* 2014 U.S. Dist. LEXIS 76271 at *20 (N.D. Cal. Jun. 2, 2014)

17  (holding that "[t]he named plaintiffs in this case allege that had they known the Whole Foods

18  products they purchased contained SAPP, they would not have purchased them. Now they know.

19  There is therefore no danger that they will be misled in the future.").

20         Plaintiff's Complaint is essentially an admission that there is no threat of future harm as

21  she is now fully knowledgeable of what Unilever's vanilla ice cream products consist of and that

22  the ingredients are allegedly not what she thought she was getting.  She thus cannot allege that

23  she will continue to be wronged in the same way she has alleged.  Plaintiff now knows the

24  alleged source of the vanilla flavor in Breyers Natural Vanilla Ice Cream and faces no risk of

25

repeated injury from the alleged deception.  She cannot plausibly allege that she would be misled by Unilever's labeling again to her detriment, because all she needs to do to determine whether or not she desires to purchase this ice cream is to look at the ingredients on the label that is included on every ice cream carton, as it will include the same labeling and the same ingredients as the challenged product at issue here now.  If Plaintiff was dissatisfied with the product before, it follows that she would not purchase this product again, knowing that the same factors that created her dissatisfaction are still present.  Plaintiff will always know that the product is the same challenged product that she alleges she would not have purchased.  *See Wang v. OCZ Tech. Grp., Inc.,* 276 F.R.D. 618, 626 (N.D. Cal. 2011) (holding that plaintiff lacks standing to seek injunctive relief when he is fully aware of the allegedly misleading nature of the advertisements at issue because there is no danger that plaintiff would purchase that same product at the same price again); *Fernandez v. Atkins Nutriionals, Inc.* 2018 U.S. Dist. LEXIS 1189, at *15 (S.D. Cal. Jan. 3, 2018) (finding no potential future injury because plaintiff admitted she now has knowledge that enables her to make an appropriate choice with respect to defendant's products and that there was no risk that she would be misled based on what was found on the label).

Because Plaintiff is not entitled to seek injunctive relief, Plaintiff may not represent a class seeking that relief.  *Hodgers-Durgin v. de la Vina,* 199 F.3d 1037, 1045 (9th Cir. 1999) (finding that "system-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class…unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

Based on the foregoing, Plaintiff lacks standing for injunctive relief and Unilever's motion to dismiss on this basis should be granted with prejudice.

**CONCLUSION**

For the foregoing reasons, Unilever respectfully requests that this Court grant its motion to dismiss Plaintiff's claims for damages and injunctive relief with prejudice.

Dated: May 6, 2020                          By:   */s/ Philip C. Swain*
                                                    Philip C. Swain

                                            Jennifer Yoo
                                            FOLEY HOAG LLP
                                            155 Seaport Boulevard
                                            Boston, MA 02210-2600

                                            August T. Horvath
                                            FOLEY HOAG LLP
                                            1301 Avenue of the Americas, 25th floor
                                            New York, NY 10019

                                            *Attorneys for Defendant Unilever United
                                            States, Inc.*

**PROOF OF SERVICE**

I, Jennifer Yoo, hereby certify that on May 6, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, by using the CM/ECF system and electronically served to all counsel of record.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 6, 2020                                          */s/ Jennifer Yoo*             
                                                                          Jennifer Yoo