**REESE LLP**
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Pro Hac Vice Submitted)
spencer@spencersheehan.com
505 Northern Boulevard, Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA VIZCARRA, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 4:20-cv-02777-YGR<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT UNILEVER UNITED STATES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: June 16, 2020<br>Time: 2:00 p.m.<br>Courtroom: 1 (1301 Clay Street)<br>Judge: Hon. Yvonne Gonzalez Rogers |

In compliance with Northern District of California Local Rule 7-4, Plaintiff Lisa Vizcarra ("Plaintiff"), through her undersigned counsel, respectfully submit the following opposition to the motion filed by Defendant Unilever United States, Inc. ("Unilever" or "Defendant") to dismiss Plaintiff's Complaint. Unilever asks this Court to dismiss the entirety of Plaintiff's Complaint incorrectly arguing that: (1) Plaintiff has failed to fulfill the essential requirement under the Consumer Legal Remedies Act ("CLRA") of sending a pre-suit demand notice and (2) Plaintiff lacks standing for injunctive relief. *See* Memorandum in Support of Defendant Unilever United States, Inc.' Notice of Motion and Motion to Dismiss Plaintiff's Complaint ("Def. Mem."), Dkt 7-1. Unilever's arguments are frivolous and have been repeatedly rejected by courts in this Circuit. This Court should do the same here and deny Unilever's motion to dismiss in its entirety.

**STATEMENT OF ISSUES TO BE DECIDED[1]**

1. Is Defendant's argument that it did not receive proper pre-suit notice under the CLRA wrong where it is uncontested that: (a) Defendant did receive a pre-suit CLRA notice more than 30 days prior to the filing of the lawsuit from another class member and courts (in decisions that Defendant failed to cite) repeatedly have held that notice on behalf of one class member constitutes sufficient notice on behalf of all class members?

2. Is Defendant's argument for dismissal of the Unfair Competition Law ("UCL") claim wrong given that Defendant ignores the allegations of the complaint that violation of the CLRA is not the only predicate violation for the UCL claim?

3. Is Defendant's argument for dismissal of the injunctive relief wrong given that it is contradicted by Ninth Circuit authority and Your Honor's recent ruling on the issue (which Defendant fails to cite, let alone discuss) that rejects the same argument raised by the Defendant?

---

[1] Defendant failed to include a Statement of Issues to Be Decided in violation of both Local Rule 7.4(a)(3),and Your Honor's Standing Order in Civil Cases, ¶1 ("Parties are expected to consult and comply with all provisions of the Local Rules … relating to motions, briefs…and all other matters…Any failure to comply with any of the rules and the Court's Standing Order may be deemed sufficient grounds for monetary sanctions…or other appropriate sanctions.").

**STATEMENT OF RELEVANT FACTS**

On February 19, 2020, Defendant received a letter from Mr. Steve Nuñez regarding the alleged misconduct at issue is this action. Declaration of Courtney Ozer in Support of Defendant Unilever United States, Inc.'s Motion to Dismiss ("Ozer Decl."), Dkt 7-2, at ¶ 6b. Mr. Nuñez clearly stated that "this letter constitutes the required 30-day notice before claims for damages may be filed under the California Consumer Legal Remedies Act." *See* Exhibit 1 to Ozer Decl., Dkt 7-3, at 4. He then gave Unilever notice that its "vanilla ice cream products ('Products')" are in violation of California consumer laws because they are "misbranded and deceptively marketed," specifically because the Products fail to disclose on the label that they use artificial vanilla flavor. *Id.* a 4-6. Mr. Nuñez repeatedly informed Unilever that he is sending the letter-notice "on behalf of himself, all others similarly situated, and the general public." *Id*. Defendant did not correct its allegedly improper practices in responses to the notice within 30 days as required by the CLRA. Ozer Decl. at ¶ 6c. Accordingly, on April 21, 2020 – more than 30 days after receipt of the CLRA pre-suit notice – Plaintiff filed the above-captioned complaint.

Plaintiff alleges violation of the CLRA, violation of California False Advertising Law ("FAL"), and violations of the California Sherman Food, Drug, and Cosmetic Law as the predicate violations upon which her UCL claim is based. Complaint at ¶¶94-97.

Plaintiff clearly alleged in the Complaint that she "would purchase Breyers Natural Vanilla Ice Cream again in the future if the product were remedied to reflect Defendant's labeling and marketing claims for it." *Id.* at ¶ 12

**ARGUMENT**

**I.     The CLRA Pre-Suit Demand Notice Requirement Has Been Met**

Unilever urges dismissal with prejudice of Plaintiff's claims for damages under the CLRA for lack of pre-suit notice. Def. Mem. at 1-5. Unilever also asks for dismissal of Plaintiff's claim under the UCL based on this alleged notice violation. *Id.* at 5-6. Unilever claims that Plaintiff's counsel failed to send a written notice on behalf of Plaintiff Vizcarra in accordance with § 1782 of the CLRA, but filed suit anyway relying on a pre-suit letter from Steve Nuñez. Def. Mem. at 3-4. Defendant suggests that this was somehow improper. Defendant is wrong, as courts in this district and elsewhere in the Ninth Circuit clearly have held otherwise.

"It is well-established that once CLRA notice is sent on behalf of a putative class, members of the class may rely on that notice, regardless of whether they send their own CLRA letters." *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC), 2020 WL 1829045 (N.D. Cal. April. 10, 2020), at *6. *See also Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1317–18 (C.D. Cal. 2013) (allowing a class action plaintiff to rely on the pre-litigation notice given by a fellow class member); *Sanchez v. Wal–Mart Stores, Inc.*, No. Civ. S–06–cv–2573 DFL KJM, 2007 WL 1345706, *3 (E.D. Cal. May 8, 2007) (same).[2]

The decision in *Sanchez v. Wal–Mart Stores, Inc.*, No. Civ. S–06–cv–2573 DFL KJM, 2007 WL 1345706 (E.D. Cal. May 8, 2007), is directly on point. In that case, the district court rejected the same argument that Unilever makes here. The defendants argued that the named plaintiff failed to comply with the notice requirement of § 1782 because she never sent them a pre-suit letter. The district court, however, rejected the argument and concluded that the defendants did receive proper pre-suit notice. The district court explained:

---

[2] Defendant fails to cite to, let alone discuss, any of these relevant cases.

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
*Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR
3

> In her amended complaint, [named plaintiff Elizabeth] Sanchez alleges that another class member, Salvador Sanchez, sent defendants notice on November 2, 2005. In his letter, Salvador Sanchez claimed that '[the] stroller has a dangerous and defective locking mechanism pinch point which creates an unreasonable danger of personal injury to all potential users.' Moreover, Salvador Sanchez stated that he was providing defendants statutory written notice, as required by the CLRA, on behalf of himself and a class of similarly situated consumers. This is sufficient to satisfy § 1782(a).

2007 WL 1345706, *3. Citing "the clear intent of the CLRA to provide and facilitate pre-complaint settlements of consumer actions wherever possible," the court held:

> The 2005 notice, although it came from another class member, nonetheless satisfied § 1782(a) because it notified defendants of the stroller's alleged defect and of a potential class action lawsuit.

*Id.*

The relevant facts are the same here as in *Sanchez*. Moreover, *Sanchez* was cited and expressly relied upon by the court in this district in *McCellen v. Fitbit, Inc.*, No. 3:16-cv-0036-JD, 2018 WL 2688781, at *3 (N.D. Cal. June 5, 2018) (when another plaintiff provides written notice to a defendant not only on her own behalf but on behalf of "a proposed class of consumers . . . , [t]hat notice was sufficient under California law and gave [the defendant] the opportunity to cure that the CLRA contemplates") (citing *Sanchez*).

Defendant concedes that in the Complaint, "Plaintiff Vizcarra references the letter as having been sent by a 'Plaintiff Nuñez.'" Def. Mem. at 3 (citing Complaint, Dkt 1, at ¶ 122).

In the CLRA letter, Mr. Nuñez clearly stated that "this letter constitutes the required 30-day notice before claims for damages may be filed under the California Consumer Legal Remedies Act." *See* Dkt 7-3 at 4. He then gave Unilever notice that its "vanilla ice cream products ('Products')" are in violation of California consumer laws because they are "misbranded and deceptively marketed," specifically because the Products fail to disclose on the label that they use artificial vanilla flavor. Dkt 7-3 a 4-6. Mr. Nuñez clearly and repeatedly notified Unilever that he is sending the letter-notice "on behalf of himself, all others similarly situated, and the general public." *Id.*

1   Defendant notes the wholly irrelevant fact that Mr. Nuñez is a resident of the Central
2   District of California, whereas Plaintiff Vizcarra is a resident of the North District of California.
3   Def. Mem. at 3-4. Yet there can be no question that Plaintiff Vizcarra and Mr. Nuñez are members
4   of the same proposed state-wide California class. Plaintiff Vizcarra seeks to represent "[a]ll
5   persons residing in California who have purchased Breyers Natural Vanilla Ice Cream for their
6   own use (which includes feeding their families), and not for resale, since April 21, 2016."
7   Complaint, Dkt 1, at ¶ 80. Mr. Nuñez in his complaint seeks to represent virtually the same class,
8   namely, "[a]ll persons residing in California who have purchased Breyers Natural Vanilla Ice
9   Cream for their own use (which includes feeding their families), and not for resale, since April 27,
10  2016." Dkt 7-4, at ¶ 83.

11  Thus, although Mr. Nuñez's letter came from another class member, it nonetheless satisfied
12  the CLRA notice requirement for Plaintiff's action because that letter notified Unilever of this
13  class action lawsuit, which Unilever itself points out is similar to Mr. Nuñez's class action lawsuit.
14  Def. Mem. at 4. Both class action lawsuits, in line with Mr. Nuñez's pre-suit notice, allege that
15  Defendant falsely and misleadingly markets its vanilla ice cream products as having all of its
16  vanilla flavor derived from the vanilla plant when this is not true. This similarity is hardly "an
17  occupational hazard of 'cut-and-paste' litigation," as Unilever argues (Def. Mem. at 4), but rather
18  an effective, stream-lined litigation strategy that forecloses Defendant from making its frivolous
19  argument that "Plaintiff has failed to provide notice and thus failed to provide any means of
20  potential settlement prior to commencing this action." Def. Mem. at 5.

21  In short, Plaintiff properly relied upon the pre-suit notice by another class member to satisfy
22  her pre-suit notice requirement under the CLRA. Accordingly, Defendant's argument for
23  dismissal of Plaintiff's CLRA claim for damages must be rejected.

24  Defendant next argues for dismissal of Plaintiff's UCL claim, claiming that there is no
25  predicate violation if the CLRA claim is dismissed for lack of pre-suit notice. This is wrong for
26  three reasons.

27
28

First, as seen above, proper pre-suit notice was provided, such that the CLRA claim cannot be dismissed. And as seen below, the claim for injunctive relief pursuant to the CLRA is proper here as well.

Second, a CLRA damages claim need not be pled to serve as a predicate violation for the UCL. Accordingly, even if Defendant were correct (which it is not) that Plaintiff's claim for damages under the CLRA must be dismissed for lack of pre-suit notice, her allegation that Defendant violated the CLRA can still serve as a predicate for the UCL claim.

Third, Plaintiff's claims for relief under the UCL also cannot be dismissed because they do not rely solely upon a violation of the CLRA as the predicate unlawfulness. Unilever simply ignores the allegations of the Complaint that plainly state that Plaintiff alleges her UCL claim on Unilever's violations of the Federal Food, Drug, and Cosmetic Act; violations of the FAL; and violations of the California Sherman Food, Drug, and Cosmetic Law. Complaint at ¶¶94-97. Accordingly, for all three reasons, Defendant's argument for dismissal of the UCL claim fails.

## II.     Plaintiff Has Standing for Injunctive Relief

Unilever's argument that Plaintiff lacks standing demonstrates Defendant's own dangers of "cut-and-paste" litigation. Unilever's counsel argues, as it probably has argued in defending other mislabeling cases, that Plaintiff "cannot plausibly allege that she would be misled by Unilever's labeling again to her detriment, because all she needs to do to determine whether or not she desires to purchase this ice cream is to look at the ingredients on the label that is included on every ice cream carton, as it will include the same labeling and the same ingredients as the challenged product at issue here now." Def. Mem. at 8.

The problem with this argument is that Plaintiff alleges that Unilever's labeling fails to disclose the artificial vanilla flavoring, which was detected with laboratory testing. Complaint, Dkt 1, at ¶¶28-49. Thus, Plaintiff cannot simply "look at the ingredients on the label that is included on every ice cream carton" in order to determine whether the Product's formulation was changed to remove the artificial vanilla flavoring to comport with the labelling. Yet, Plaintiff clearly alleged

that she "would purchase Breyers Natural Vanilla Ice Cream again in the future if the product were remedied to reflect Defendant's labeling and marketing claims for it." *Id.* at ¶ 12. As a result, Defendant's mechanically cited cases are wholly inapposite. Def. Mem. at 6-7. Instead, Plaintiff's allegations fall squarely within the holding of *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018). In *Davidson,* the Ninth Circuit held as follows:

> We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm. Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.

889 F.3d at 969–70 (footnote and citation omitted). Just as in *Davidson*, Plaintiff alleges she would like to purchase the product in the future, but she cannot discover prior to repurchase whether Unilever's previous misrepresentations have been cured. Plaintiff easily meets the standing requirement for injunctive relief.

Indeed, in a case that Defendant failed to cite that is directly on point, this Court rejected the same arguments that Defendant makes here, and found that the plaintiff in that case did have standing to pursue injunctive relief. *See Tucker v. Post Consumer Brands, LLC*, No. 19-cv-03993-YGR, 2020 WL 1929368 (N.D. Cal. April 21, 2020). Your Honor held:

> Here, plaintiff has sufficiently alleged that he was deceived by the front of the Honey Bunches of Oats packaging and that he may purchase the cereal again in the future if the label is accurate. Absent injunctive relief, plaintiff would not know whether honey is in fact a significant sweetener in defendant's product based on the front of the cereal box. Nor is the onus on plaintiff to consult the ingredient list to try to discern this fact. . . . Plaintiff's inability to rely on the honey-related words and images prominently featured on the front and top of the cereal box constitutes an ongoing injury for which plaintiff may seek injunctive relief. As such, defendant's request to dismiss plaintiff's request for injunctive relief is denied.

*Id.* at *6. This case is no different from *Davidson* or *Tucker*. Accordingly, Defendant's argument that Plaintiff lacks standing must be rejected.

# CONCLUSION

For the reasons stated above, Defendant Unilever United States, Inc.'s motion must be denied in its entirety.

Respectfully submitted,

Date: May 20, 2020

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone:  (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Pro hac vice submitted)
*spencer@spencersheehan.com*
505 Northern Blvd Ste 311
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff and the Proposed Class*