1

2

3

4

**REESE LLP**
Michael R. Reese (SBN: 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN: 316050)
*granade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 20015
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

5

6

7

8

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (admitted *pro hac vice*)
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

9

*Counsel for Plaintiff and the Proposed Class*

10

11

12

13

14

**NEDEAU LAW P.C.**
Christopher A. Nedeau (SBN: 81297)
*cnedeau@nedeaulaw.net*
750 Battery Street, 7th Floor
San Francisco, CA 94111
Telephone: (415) 516-4010

**FOLEY HOAG LLP**
Philip C. Swain (SBN: 150322)
*pcs@foleyhoag.com*
Jennifer Yoo (SBN: 304355)
*jyoo@foleyhoag.com*
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

15

16

17

18

**FOLEY HOAG LLP**
August T. Horvath (*pro hac vice* petition
forthcoming)
*AHorvath@FoleyHoag.com*
1301 Ave. of the Americas, 25th floor
New York, NY 10019
Telephone: (646) 927-5544

19

*Counsel for Defendant*

20

21

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

22

23

24

25

26

27

28

| | |
|---|---|
| LISA VIZCARRA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>    Defendant. | Case No. 4:20-cv-02777-YGR<br><br>**JOINT  CASE MANAGEMENT STATEMENT**<br><br>Judge:    Hon. Yvonne Gonzalez-Rogers<br>Courtroom: 1, 4th Floor<br>Date:    July 20, 2020<br>Time:    2:00 p.m. |

-1-

1    The parties to the above-entitled action jointly submit this JOINT CASE

2   MANAGEMENT STATEMENT pursuant to Federal Rules of Civil Procedure 16 and 26(f) and

3   this District's Standing Order regarding Contents of Joint Case Management Statement.

4    **1.    Jurisdiction and Service**

5    Defendant Unilever United States, Inc. ("Defendant") has been served in this proceeding.

6   No remaining parties need to be served. Defendant does not contest personal jurisdiction or

7   venue.

8    **2.    Facts**

9    **Plaintiff's Statement**

10    As alleged in the complaint filed on April 21, 2020 (Dkt. 1)("Complaint"), this is an

11   action brought against Defendant for alleged violation of the consumer protection laws of

12   California for Defendant's allegedly false, deceptive, and unlawful marketing and sales of

13   Breyers' Vanilla Ice Cream ("Products").

14    Defendant's misrepresents the key ingredient in the Product – vanilla.  Laboratory test

15   results evidence that the vanilla taste of the Products does not come exclusively, or even

16   predominantly, from the vanilla bean.  Rather, it comes from artificial sources.  This is material to

17   consumers and in violation of California's consumer protection laws.

18    **Defendant's Statement**

19    Plaintiff alleges, first, that the flavor labeling of Breyers Natural Vanilla Ice Cream, (the

20   "Product") is out of compliance with FDA and other food regulations, and second, that the

21   labeling and advertising of the product communicates to consumers that the Product "contains

22   [no] flavors not derived from the vanilla bean from the vanilla plant."  Complaint ¶ 27.  These

23   allegations fail as a matter of law because Plaintiff misinterprets the relevant food regulations

24   and, instead of enforcing these regulations against Unilever, seeks to impose additional labeling

25   requirements inconsistent with those regulations in a manner pre-empted by federal law.

26   Substantively, Plaintiff's allegations that the Product's labeling communicates to reasonable

27   consumers that the Product contains no vanilla or non-vanilla flavors derived from any source

28   other than vanilla beans are unsupported, baseless, and implausible.

---

JOINT CASE MANAGEMENT STATEMENT
Case No. 20-cv-02777-YGR

1   Further, as Plaintiff's counsel already are aware through formulation information

2   produced in a related case, the messages alleged to be communicated by Unilever's labeling are,

3   in fact, truthful.  Plaintiff's contentions about the Product ingredients were thus baseless when

4   made, and are known by Plaintiff to be false, as is the fact that Plaintiff's "laboratory test," also

5   proffered in that litigation, is completely incapable of detecting whether a product is flavored with

6   vanilla bean extract or with other flavorings and thus provides no basis for Plaintiff's allegations.

7   Finally, Plaintiff and the putative class did not suffer cognizable injury because Unilever

8   did not charge a price premium for identifying "vanilla" as the flavor of the Product, or for any of

9   the other representations challenged.

10   Key Factual Issues in Dispute

11   The following are key factual issues in dispute:

12   1.   Whether Unilever's designation of the Product as vanilla flavored would lead a

13   reasonable consumer to believe that all or substantially all of the vanilla flavor in the

14   Product must come from vanilla bean extract, and/or other variations of this allegation

15   made by Plaintiff.

16   2.   The composition of the flavoring ingredients in the Product.

17   3.   Whether Defendant charged any price premium for the Product as a result of the

18   specific "vanilla" flavor designator, as would be required for Plaintiff and class

19   members to have sustained cognizable injury under the causes of action alleged.

20   **3.   Legal Issues**

21   **Defendant's Position:**

22   On May 6, 2020, Defendant moved to dismiss Plaintiff's Complaint on the grounds that:

23   (1) Plaintiff failed to provide pre-suit notice pursuant to California Consumer Legal Remedies

24   Act ("CLRA"); (2) Plaintiff does not have standing to pursue injunctive relief; and (3) without

25   violation of the CLRA, Plaintiff's pendant claim for violation of California's Unfair Competition

26   Law ("UCL") also fails.  (Dkt. 7.)

27   In any action for damages under the CLRA, a plaintiff must provide the person alleged to

28   have violated the CLRA with notice of the alleged violation and an opportunity to correct, and it

JOINT CASE MANAGEMENT STATEMENT
Case No. 20-cv-02777-YGR

1   is undisputed that Plaintiff here did not do so.  It is established law that this requirement is not

2   satisfied by notice having been provided by a different plaintiff in a different, even if similar,

3   case.  Plaintiff's claims for damages, including those under the UCL that leverage the alleged

4   CLRA violations through the "unlawful" prong, should be dismissed.  Further, Plaintiff cannot

5   assert cognizable monetary injury under the case law of this Circuit because she cannot plausibly

6   claim that she will be deceived by the Product's labeling again, now that she allegedly knows its

7   true ingredient composition.

8        To the extent that any part of the Complaint survives Defendant's currently pending

9   motion, remaining legal issues will include:

10       1.  the correct interpretation of federal food law and regulations as they pertain to the

11           Product; and

12       2.  the application of the consumer deception standard under the CLRA, the UCL, and the

13           False Advertising Law.

14       **Plaintiffs' Position**:  It is black letter law that pre-suit notice on behalf of one California

15   class member is sufficient notice on behalf of all California class members.  Here, Defendant

16   concedes it received timely CLRA pre-suit notice from another class member.  That is sufficient.

17   With respect to injunctive relief, Your Honor has addressed and rejected the same argument in a

18   similar case. It should be rejected here as well.  Finally, the Complaint sufficiently states

19   violations of the CLRA. Accordingly, the UCL claim can proceed.  But even if Defendant were

20   correct that the CLRA claims were insufficient, the UCL claim is sufficient because Defendant

21   has alleged to violate other laws, including California's Sherman Act.

22       **4.    Motions**

23       Defendant filed a motion to dismiss the Complaint on May 6, 2020 (Dkt. 7) ("Defendant's

24   Motion").  On May 20, 2020, Plaintiff filed her opposition to Defendant's Motion on April 27,

25   2020 (Dkt. 10)("Plaintiff's Opposition").  Defendant filed its reply on May 27, 2020 (Dkt. 13)

26   ("Defendant's Reply").  On June 8, 2020, the Court took Defendant's motion under submission

27   on the papers and vacated the hearing previously scheduled for June 16, 2020 (Dkt. 19).

28

-4-

Defendant may file a motion under Rule 12(c) to dismiss, on the pleadings, any part of the Complaint that survives the currently pending motion, on the grounds that:  (1) Plaintiff's claims are pre-empted because they seek to establish requirements inconsistent with those of the Food, Drug & Cosmetic Act and of the Sherman Law; (2) Plaintiff fails to state a claim because no reasonable consumer would interpret or be deceived by Unilever's labeling as Plaintiff alleges; and (3) Plaintiff has no plausible basis for her allegations about the actual flavoring ingredient composition of the Product.

Plaintiffs will file a motion for class certification and possibly a motion for summary judgment.

Defendant may file a motion for summary judgment in this matter and, as necessary, oppose any motion for class certification filed by Plaintiff.

**5.    Amendment of Pleadings**

Plaintiff does not intend to amend the pleadings.

**6.    Evidence Preservation**

The Parties conducted a Rule 26 conference on May 26, 2020 and discussed steps to preserve evidence and certified that they have reviewed guidelines related to the discovery of electronically stored information.  Each Party asserts that they are taking reasonable and proportionate steps to comply with its or their obligation to preserve evidence, including electronically stored information.  Communications among the Parties on Electronically Stored Information ("ESI") are ongoing, and the Parties have agreed they will make efforts to work together cooperatively in the production of ESI.

**7.    Disclosures**

Pursuant to Rule 26, the parties exchanged initial disclosures on June 29, 2020.

Plaintiffs' initial disclosures included identification of persons with knowledge of plaintiffs' experiences with the Product.

Defendant's initial disclosures included an identification of persons at Defendant knowledgeable regarding the development, labeling, and marketing of the Product.

**8.    Discovery**

-5-

1       The Parties conferred regarding discovery pursuant to Rule 26(f) on May 26, 2020.  The

2  Parties have not yet taken discovery.  Because discovery in this action is likely to involve the

3  production of confidential information, the Parties anticipate filing a Stipulated Protective Order,

4  and intend to work together cooperatively to reach agreement on the terms of that Order.  The

5  Parties are conferring regarding the form of Order now and will submit an Order for the Court's

6  consideration and entry.  The Parties believe that the limits on discovery set by the Federal Rules

7  of Civil Procedure are appropriate for this case.

8       Plaintiffs' Statement

9       Plaintiffs will propound document requests, interrogatories, and requests for admission.

10  Plaintiffs will also depose corporate representatives of Defendant pursuant to Federal Civil

11  Procedure Rule 30(b)(6) as well as employees of Defendant in their individual capacity.

12  Plaintiffs will also depose any experts that Defendant will use in this matter.

13       The subjects of Plaintiff's discovery may include, among other subjects, the marketing

14  and labeling of the Products; Defendant's studies of consumer interpretation; and Defendant's

15  pricing of the Products.

16       Defendant's Statement

17       Defendant will propound on Plaintiff interrogatories, document requests, and requests for

18  admission.  Defendant anticipates deposing Plaintiff and other witnesses listed in Plaintiff's initial

19  disclosures.  Defendant also anticipates deposing any experts that Plaintiff intends to present.

20  Defendant may also serve discovery on third parties, including the currently unidentified

21  individuals who performed the "laboratory analysis" proffered by Plaintiff.

22       The subjects of Defendant's discovery may include the basis for Plaintiff's allegations that

23  the labels of the Product are false and misleading; Plaintiff's purchase history of the Product and

24  related food purchase habits and history; the validity of the purported "laboratory test"; the

25  nature, amount, and facts surrounding Plaintiff's alleged injury and damages; and subjects

26  relating to Plaintiff's satisfaction of the conditions to certify this matter as a class action.

27       **9.**    **Class Action**

28

-6-

1    The parties propose that Plaintiff file her motion for class certification no later than

2    February 26, 2021.  The parties further propose a briefing schedule where Defendant will file its

3    opposition by March 26, 2021 and Plaintiff will file her reply by April 23, 2021.

4    The parties have reviewed the Procedural Guidance for Class Action Settlements.

5    **10.** **Related Cases**

6    Plaintiff and Defendant are unaware of any related cases pending in this jurisdiction.

7    There is a related matter pending in the Eastern District of New York, *Derchin v. Unilever United*

8    *States, Inc.*, Case no. 19-cv-03543-RPK-RER, and one in the Southern District of  New York,

9    *Falborn v. Unilever United States, Inc.*, Case No. 7:20-cv-4138-KMK-LMS.  There was formerly

10   a related matter pending in the Southern District of California, *Nunez v. Unilever United States,*

11   *Inc.*, 2:20-cv-3846-JFW-KS, but it was voluntarily dismissed the day after it was filed.

12   **11.** **Relief**

13   Plaintiffs' Statement

14   Plaintiffs' seek both monetary and injunctive relief.  Plaintiffs intend to utilize damage

15   experts to determine the amount of relief.

16   Defendant's Statement

17   Defendant denies that Plaintiff has been harmed or damaged by Defendant in any amount,

18   and denies that Plaintiff is entitled to any relief whatsoever.  Defendant does not assert claims for

19   relief against Plaintiff, but may seek costs and attorney fees at the conclusion of this litigation.

20   **12.** **Settlement and ADR**

21   On June 29, 2020, the Parties have discussed settlement and ADR and believe that a

22   settlement conference with a Magistrate is appropriate and may be productive.  The Parties filed

23   their ADR certification on June 29, 2020 (Dkt. 23), reflecting their agreement for use of a

24   settlement conference before a Magistrate as their preferred ADR method.

25   **13.** **Consent to a Magistrate Judge for All Purposes**

26   Plaintiff has already declined consent to proceed before a Magistrate in this action.  (ECF

27   No. 2).

28   **14.** **Other References**

-7-

JOINT CASE MANAGEMENT STATEMENT
Case No. 20-cv-02777-YGR

FH5157682.2

1    The Parties do not believe that the case is suitable for reference to binding arbitration, a

2  special master, or the Judicial Panel on Multidistrict Litigation.

3    **15.    Narrowing of the Issues**

4    The Parties do not believe any issue can be narrowed at this juncture, except as set forth in

5  Defendant's pending motion to dismiss.

6    **16.    Expedited Trial Procedure**

7    The Parties do not believe that the case can be handled under an expedited trial procedure.

8    **17.    Scheduling**

9    The Parties propose the following schedule:

10    DEADLINE TO AMEND PLEADINGS:  30 days after a ruling on Defendant's pending

11  motion to dismiss.

12    CLASS CERTIFICATION FACT DISCOVERY CUTOFF: February 12, 2021

13    FACTUAL DISCOVERY CUTOFF:  Three months after the court's decision on the

14  motion for class certification

15    CLASS CERTIFICATION EXPERT DISCLOSURES:      February 19, 2021

16    CLASS CERTIFICATION REBUTTAL EXPERT DISCLOSURES: March 26, 2021

17    CLASS CERTIFICATION EXPERT DISCOVERY CUTOFF:  April 16, 2021

18    NON-CLASS MERITS EXPERTS DISCOVERY:  To be determined after the court's

19  decision on the motion for class certification

20    CLASS CERTIFICATION MOTIONS:      February 26, 2021

21        OPPOSITION BRIEFS:              March 26, 2021

22        REPLY BRIEFS:                   April 23, 2021

23        DEADLINE FOR DISPOSITIVE MOTIONS:      To be determined after court

24  decision on motion for class certification

25        JOINT PRETRIAL ORDER:      To be determined after court decision on

26  motion for class certification

27        FINAL PRETRIAL CONFERENCE:      To be determined after court decision

28  on motion for class certification            -8-

JOINT CASE MANAGEMENT STATEMENT
Case No. 20-cv-02777-YGR

FH5157682.2

TRIAL:                                    TBD

**18.    Trial**

Plaintiff has demanded a jury trial on all matters so triable.  The Parties anticipate that a trial will take approximately five to seven days.

**19.    Disclosure of Non-party Interested Entities**

The Parties have filed a Certification of Interested Entities or Persons.  As required by the General Order, the Parties restate their disclosure statements and certificate of interested entities as follows:

Plaintiff:   Lisa Vizcarra.

Defendant:  Pursuant to Federal Rule of Civil Procedure 7.1, Defendant has identified the following entities as potentially having a pecuniary interest in the outcome of this case:  Unilever United States, Inc.; UNUS Holding B.V.; Unilever US Investments Limited; Unilever US Investments B.V.; Unilever PLC; Unilever N.V.; Plaintiff Lisa Vizcarrra; counsel of record for Plaintiff Lisa Vizcarra; and counsel of record for Defendant Unilever.

Pursuant to Civil L.R. 3-15, the undersigned certifies and restates that as of this date, other than the named parties and their shareholders and the entities identified by the Parties pursuant to Fed. R. Civ. P. 7.1, no associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20.  Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

The Parties do not anticipate any other matters at this time.

-9-

Dated:  July 13, 2020

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (SBN: 316050)
*granade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 20015
Telephone: (310) 393-0070
Facsimile:  (212) 253-4272

**SHEEHAN & ASSOCIATES, P.C. P**
Spencer Sheehan (admitted *pro hac vice*)
*spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800

*Counsel for Plaintiffs*

**FOLEY HOAG LLP**

*/s/ Jennifer Yoo*
Jennifer Yoo (SBN: 304355)
*jyoo@foleyhoag.com*
Philip C. Swain (SBN: 150322)
*pcs@foleyhoag.com*
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000

**NEDEAU LAW P.C.**
Christopher A. Nedeau (SBN: 81297)
*cnedeau@nedeaulaw.net*
750 Battery Street, 7th Floor
San Francisco, CA 94111
Telephone: (415) 516-4010

**FOLEY HOAG LLP**
August T. Horvath (*pro hac vice* petition
forthcoming)
*AHorvath@FoleyHoag.com*
1301 Ave. of the Americas, 25th floor
New York, NY 10019
Telephone:  (646) 927-5544

*Counsel for Defendant*

-10-

1   I, Jennifer Yoo, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence to

2   the filing of this document has been obtained from each signatory hereto

3

4   DATED:  July 13, 2020                          **FOLEY HOAG LLP**

5

6                                                  By:  */s/ Jennifer Yoo*
                                                        Jennifer Yoo

7                                                  Counsel for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

FH5157682.2