**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
60 Cuttermill Road, Suite 409
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA VIZCARRA, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 4:20-cv-02777-YGR<br><br>**DECLARATION OF MICHAEL R. REESE IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**REDACTED – CONTAINS EXHIBITS MARKED AS CONFIDENTIAL IN DISCOVERY AND GOVERNED BY CONFIDENTIALIITY ORDER**<br><br>Date:  September 14, 2021<br>Time:  2:00 pm<br>Courtroom:  1 (1301 Clay Street)<br>Judge:  Hon. Yvonne Gonzalez Rogers |

-1-

Pursuant to 28 U.S.C. § 1746, I, Michael R. Reese, declare as follows:

1.      I am the founding partner at Reese LLP, which, along with Sheehan & Associates, P.C., is counsel for Plaintiff Lisa Vizcarra and the proposed class in the above-captioned action. I am a member in good standing of the state bars of California and New York, as well as the bars of numerous federal courts, including, but not limited to, the U.S. District Courts for the Northern, Central, Eastern, and Southern Districts of California; the Eastern, Western, Northern and Southern Districts of New York; the Eastern District of Wisconsin; the District of Colorado; the District of New Mexico; and the Southern and Northern Districts of Illinois. I am also a member of the federal bars of the U.S. Courts of Appeals for the Second, Seventh, Eighth, Ninth, and Tenth Circuits. I am a frequent lecturer on class actions and food law. I co-host with Professor Michael T. Roberts of UCLA School of Law on an annual basis a two-day food law conference that includes members of the plaintiffs and defense bar, general other in-house counsel, members from state and federal governments, non-profits and other NGOs, and academics. I also am the chairperson of an annual three-day food fraud program sponsored by the Cambridge Forum. In addition, I am an adjunct professor at Brooklyn Law School where I teach class action litigation and food law.

2.      I respectfully submit this declaration in support of Plaintiff's Motion for Class Certification.

3.      The facts set forth in this declaration are based in part upon my personal knowledge and in part upon information I obtained from my co-counsel at Sheehan & Associates, P.C., and I would competently testify to them if called upon to do so.

4.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff Lisa Vizcarra's Reponses and Objections to Defendant Unilever United States, Inc.'s First Set of Interrogatories.

5.      Attached hereto as Exhibit B is a true and correct copy of Defendant's Response to Plaintiff's First Set of Interrogatory (Confidential).

6.      Attached hereto as Exhibit C is a true and correct copy of Defendant's First Supplemental Responses to Plaintiff's Interrogatory Nos. 1, 3, 4, 10, and 13 (Confidential).

7.      Attached hereto as Exhibit D is a true and correct copy of Defendant's Supplemental Response to Plaintiff's Interrogatory Nos. 8 and 9 (Confidential).

-2-

8.      Based on Defendant's supplemental response to Plaintiff's Interrogatory Request No. 8 and my review of the documents referred to in Defendant's response (Unilever_Viz000079-Unilever_Viz0000166), consisting of production proofs of the packaging used on different sizes of the Product, Defendant displayed the Vanilla Representations on the front of all packages of the Product throughout the Class Period.

9.      Attached hereto as Exhibit E is a true and correct copy of Defendant's document (Unilever_Viz0000037) (Confidential), showing Defendant's sales of Product for past five years.

10.     Throughout the course of the case, Class Counsel have devoted significant time and resources to the investigation and litigation of the Action.

11.     Plaintiff also has devoted significant time, including, but not limited to, responding to discovery requests from Defendant.

12.     Reese LLP and Sheehan & Associates, P.C. have substantial experience with consumer class actions in general and with food related consumer fraud and false advertising, specifically.

13.     Reese LLP has been appointed as class counsel for the prosecution of numerous food and dietary supplement related class actions including but not limited to:

    a.   *Red v. Unilever United States, Inc.*, No. 5:10-cv-00387 (N.D. Cal.);

    b.   *Wong v. Alacer Corp.*, No. CGC-12-519221 (San Francisco Super. Ct.);

    c.   *Shalikar v. Asahi Beer U.S.A. Inc.,* No. BC702360 (Los Angeles Superior Ct.);

    d.   *Yoo v. Wendy's International Inc.*, No. 07-cv-04515-FMC (C.D. Cal.);

    e.   *Frohberg v. Cumberland Packing Corp.*, No. 1:14-cv-00748-RLM (E.D.N.Y.);

    f.   *Rapport-Hecht v. Seventh Generation, Inc.*, 7:14-cv-09087-KMK (S.D.N.Y);

    g.   *In re Vitaminwater Sales and Marketing Practices Litigation*, No. 1:11-md-02215-DLI-RML (E.D.N.Y.);

    h.   *Barron v. Snyder's-Lance, Inc.*, No. 13-cv-62496-JAL (S.D. Fla.); and

    i.   *Howerton v. Cargill, Inc.*, No. 1:13-cv-00336-LEK-BMK (D. Haw.).

14.     Attached hereto as Exhibit F is the firm resume of Sheehan & Associates, P.C.

15.     Attached hereto as Exhibit G is the firm resume of Reese LLP.

16.     Neither firm has any conflicts of interest with members of the proposed class.

Dated: June 11, 2021                          Respectfully submitted,


                                              */s/Michael R. Reese*
                                              Michael R. Reese


                                              *Co-Counsel for Plaintiff*
                                              *and the Proposed Class*

-4-

**EXHIBIT A**

**REESE LLP**
Michael R. Reese (Cal. State Bar No. 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212 253-4272
mreese@reesellp.com

**REESE LLP**
George V. Granade (Cal State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0700
Facsimile: (212) 253-4272
*ggranade@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*pro hac vice*)
60 Cuttermill Road, Suite 409
Great Neck, New York 11021
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

*Attorneys for Plaintiff LISA VIZCARRA, individually and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LISA VIZCARRA, individually, and on behalf of those similarly situation,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | 4:20-CV-02777-YGR<br><br>**PLAINTIFF LISA VIZCARRA'S RESPONSES AND OBJECTIONS TO DEFENDANT UNILEVER UNITED STATES, INC.'S FIRST SET OF INTERROGATORIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 33** |

Plaintiff, individually and on behalf of all others similarly situated ("Responding Party" or "Plaintiff"), by its undersigned attorneys, hereby objects and responds, pursuant to Rules 26 and 33, of the <u>Federal Rules of Civil Procedure</u>, to Defendant's ("Defendant") First Set of Interrogatories ("Interrogatories").

9

To avoid the necessity of restating in full each General Objection and Response in response to each specific Interrogatory, the General Objections and Responses are hereby incorporated into each Response. The assertion of additional specific objections in any Response to certain Interrogatories shall not be construed as waiving any applicable General Objections.

## PRELIMINARY STATEMENT

Plaintiff has not completed discovery, investigation, or trial preparation in this case. Consequently, Plaintiff provides these responses without waiving the right to later modify, supplement, or amend these responses as additional information becomes available in the course of such discovery, investigation, or trial preparation. Plaintiff reserves the right to revise, amend, supplement, or otherwise change any or all of these responses in the event that information that is currently in Plaintiff's possession is inadvertently omitted or mistakenly stated. Plaintiff responds to these document requests subject to the accompanying objections, without waiving, and expressly preserving, all such objections. The assertion of any objection to an interrogatory in any response below is neither intended as, nor shall in any way be deemed, a waiver of Plaintiff's right to assert that or any objection at a later date. Plaintiff also reserves the right to object to the use of these responses, in whole or in part, at any time (including at trial) for relevance, competence, materiality, admissibility, hearsay, privilege, work-product immunity, or any other reason.

## GENERAL OBJECTIONS AND RESPONSES

With respect to the Defendant's Interrogatories, Plaintiff makes and incorporates the following objections (the "General Objections"):

1.      Plaintiff's objections and responses shall not waive or prejudice any objections that may later be asserted.

2.      Plaintiff objects to all interrogatories insofar as they seek information regarding products of Defendant other than those challenged in Plaintiff's operative Complaint. Plaintiff

10

discovery                                UDFS1608852

objects to all interrogatories insofar as they are inconsistent with the Rules for the U.S. District Court in this District, and in particular with the principles of reasonableness and proportionality set forth in those Rules.

3.      In providing responses to the Interrogatories, Plaintiff has undertaken a reasonable effort to provide responsive information, to the extent that such information is not subject to objection. Plaintiff's investigation is continuing, and the following responses are therefore based upon such information that is available to Plaintiff and capable of retrieval through reasonable efforts. Plaintiff reserves the right to supplement any and all of its responses to include information which may be disclosed during its continuing investigation or discovery.

4.      These responses are made solely for purposes of this action. Each response is subject to all objections as to competency, relevancy, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

5.      No incidental or implied admissions are intended by the responses herein. The fact that Plaintiff has responded or objected to any Interrogatory should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Interrogatory.

6.      Any response that states that documents will be produced is to be construed as relating only to responsive documents in Plaintiff 's possession, custody, or control that are not otherwise protected by a privilege or other immunity from discovery. Moreover, such statement shall not be construed as a representation that such document exists but should instead be considered only as an affirmation that documents located through a reasonable search will be produced.

7.      Plaintiff objects to the Interrogatories to the extent that they constitute a "fishing expedition," which is expressly prohibited under case law of this State.

DocuSign Envelope ID: 5EB80102-0A41-4D94-841A-F329D6AA3D8B

8.      Plaintiff objects to the Interrogatories to the extent that they seek information or documents concerning activities, policies, practices, information, or procedures of any persons and/or entities other than Plaintiff, because those persons and/or entities are best able to provide responses concerning their operations or activities.  Responses will be provided for Plaintiff only and will be based upon such information known or reasonably available to Plaintiff.

9.      Plaintiff objects to the Interrogatories to the extent that they seek information or the identification of documents, writings, records, or publications which are in the public domain since such information is equally accessible to Defendant.

10.     Plaintiff objects to each Interrogatory that requires Plaintiff to obtain information generated by persons over whom it has no control, and on the grounds that such an Interrogatory exceeds the permissible scope of discovery.

11.     Plaintiff objects to each Interrogatory that requires Plaintiff to provide information or produce documents not within their possession, custody or control.

12.     Plaintiff objects to each Interrogatory that calls for information that is not within their knowledge.

13.     Plaintiff objects to each Interrogatory that seeks information irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.

14.     Plaintiff objects to each Interrogatory that seeks information or the production of documents which are subject to the attorney/client privilege and/or the work product doctrine, or any other privileges, or which are trial preparation material prepared or generated in connection with this or any other litigation, or which are otherwise immune or protected from discovery. Any inadvertent disclosure of material protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or exemption is not intended as, and should not be construed to constitute, a waiver. For purposes of responding to these interrogatories, Plaintiff will construe each

discovery                                    UDFS1608852

definition and each request as not seeking legal memoranda, drafts of pleadings, attorneys' notes, communications among counsel for Plaintiff, or other documents that have come into existence because of this litigation.

15.     Plaintiff objects to each Interrogatory that seeks information that is confidential, proprietary, trade secret information.   The disclosure of information responsive to such Interrogatories is not intended to waive Plaintiff's rights to protection from disclosure of such confidential, proprietary information.

16.     Plaintiff objects to each document request to the extent that it implicates Plaintiff's privacy interests or the privacy interests of third parties. To the extent any private or confidential information or documents are in Plaintiff's possession, custody, or control and are non-privileged, responsive, and otherwise not objectionable, Plaintiff will produce such information or documents pursuant to the terms agreed upon.

17.     Plaintiff objects to the Interrogatories to the extent that they seek information or documents whose disclosure or production imposes an unreasonable hardship on Plaintiff and/or where information or documents can be obtained from sources that are more convenient, less burdensome or less expensive.

18.     Plaintiff objects to the Interrogatories to the extent that they are not limited to a specific time period relevant to the allegations contained in the Complaint and/or they seek information beyond the time period that could conceivably lead to the discovery of admissible evidence.

19.     Plaintiff objects to the Interrogatories to the extent that particular Interrogatories, or any words or terms used therein, are vague, ambiguous, subject to different interpretations, overly broad, unduly burdensome, or not limited to the specific time period, or require subjective knowledge by persons or parties other than the Plaintiff, call for speculation, involving issues of the

13

DocuSign Envelope ID: 5ED80102-0A11-4D94-9A1A-F239DCAA3D9B

law that are subject to resolution by the Court, or seek information or documents that are irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence.

20.    Plaintiff also objects to the use of undefined terms and phrases. Plaintiff further objects to the Interrogatories to the extent that they fail to set forth or describe with particularity the information requested.

21.    In responding to the Interrogatories, Plaintiff will provide responses to the extent possible based on the most objectively reasonable interpretation of Defendant's Interrogatories.

22.    Plaintiff objects to each Interrogatory that requires it to assume facts and/or legal requirements that are not applicable and/or make an improper legal opinion.

23.    Plaintiff objects to the Interrogatories to the extent that they are duplicative, unreasonably cumulative, oppressive, harassing and/or will cause it to incur any unnecessary expense.

24.    Plaintiff objects to the Interrogatories to the extent that they constitute an abuse of the discovery process and are intended and/or designed to harass Plaintiff and delay or deny entry of Final Judgment in this proceeding.  Plaintiff reserves all rights to seek an entry of a protective order and an award of sanctions, costs, and attorney's fees.

25.    Plaintiff objects to each Interrogatory that seeks information related to expert witnesses as premature.  Plaintiff reserves the right to disclose expert witness information in accordance with the Court Rules in the form and at the time required either by these Rules or Order of this Court.

26.    Plaintiff objects to each Interrogatory to the extent that they seek to impose requirements that are beyond those of Federal Rules of Civil Procedure, the Civil Local Rules, or applicable case law, including but not limited to Rules 26 and 33 of the *Federal Rules of Civil Procedure*, or any other applicable Orders of the Court.

27.     These "General Objections" are applicable and incorporated into each of Plaintiff's responses, *infra*, as if specifically set forth at length therein.

28.     The stating of specific objections to a particular Interrogatory shall not be construed as a waiver of Plaintiff's "General Objections," nor does a restatement of a specific reference to a "General Objection" in the response to a particular interrogatory waive any other "General Objection." Unless otherwise specifically stated, Plaintiff's objections to each Interrogatory apply to the entire Interrogatory, including each and every subparagraph of each Interrogatory.

29.     Plaintiff reserves the right to make specific and further objections to each Interrogatory.

30.     The stating of specific objections to a particular Interrogatory shall not be construed as a waiver of Plaintiff's "General Objections," nor does a restatement of a specific reference to a "General Objection" in the response to a particular interrogatory waive any other "General Objection."

31.     Unless otherwise specifically stated, Plaintiff's objections to each Interrogatory apply to the entire Interrogatory, including each and every subparagraph of each Interrogatory.

32.     Plaintiff reserves the right to make specific and further objections to each Interrogatory.

33.     In addition to the Objections to the Definitions and Instructions and General Objections, Plaintiff asserts the following Specific Objections and preserves all Objections to the Definitions and Instructions and to the General Objections set forth above, and none of the following Specific Objections limit the scope of breadth of those Objections to the Definitions and Instructions and General Objections.

### **OBJECTION TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's purported Definitions and Instructions to the extent that they

seek to impose requirements that are beyond those of Federal Rules of Civil Procedure, the Civil Local Rules, or applicable case law, including but not limited to Rules 26 and 33 of the *Federal Rules of Civil Procedure*, or any other applicable Orders of the Court.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**INTERROGATORY NO.1:**

Identify all persons You know or have reason to believe possess information or documents concerning any of the facts or allegations in the Complaint, including without limitation all persons You know or have reason to believe witnessed any of the actions or omissions upon which You rely in support of the Complaint, and for each person, provide his or her name and address, and state in detail and with specificity the facts and allegations about which such person possesses information or documents.

**RESPONSE NO.1:**

Plaintiff's attorneys.

**INTERROGATORY NO.2:**

Identify each and every communication You had with anyone other than Your counsel concerning any of the allegations in the Complaint. For each such communication, identify the date of the communication, to whom the communication was directed, the address and telephone number of any such individual, the substance of what was said and/or communicated, the substance of any response, and whether anyone else was present for the communication and, if so, who.

**RESPONSE NO.2:**

None.

**INTERROGATORY NO.3:**

Identify all persons (excluding Your counsel) and documents that You have consulted or relied upon, or that have otherwise constituted sources of information for You, in connection with

16

the preparation of Your answers to these interrogatories, listing with respect to each the paragraph number(s) of the interrogatories the answers to which help was provided, and the substance or subject of the information provided.

**RESPONSE NO.3:**

No one.

**INTERROGATORY NO.4:**

Identify all purchases that You or any member of Your household made of the Product from April 21, 2016, to the date of your response to these Interrogatories, including, for each purchase:

(a)     the number of Products purchased;

(b)     the date of purchase

(c)     the name and street address of the retailer from which the purchase was made;

(d)     the purchase price; and

(e)     all persons who consumed part or all of the Products.

**RESPONSE NO.4:**

Plaintiff purchased the Product approximately once every two months but does not recall the exact dates.

(a)     approximately 27

(b)     once every two months but do not recall the exact dates.

(c)     Safeway, Daley City, California and Lucky's on Sloat Boulevard in San Francisco

(d)     approximately $3

(e)     spouse consumed part of Products.

**INTERROGATORY NO.5:**

Identify every document, including receipts, that relates to the purchases identified in Your response to Interrogatory No. 4.

**RESPONSE NO.5:**

None.

**INTERROGATORY NO.6:**

Identify every document that You believe supports or tends to support Your claims, as alleged in the Complaint.

**RESPONSE NO.6:**

Any documents identified in the complaint.

**INTERROGATORY NO.7:**

List and describe with particularity all injuries You allege in the Complaint, and for each such injury, please specify the amount of damages You claim, and describe how such damages were computed.

**RESPONSE NO.7:**

Plaintiff's injury is in part based on the price premium alleged to be charged for the Product. Plaintiff will provide specific damages information when it makes class certification motion. To satisfy the predominance requirement, plaintiff will propose a damages model consistent with the proposed theory (or theories) of liability pursuant to Rule 23(b)(3).

**INTERROGATORY NO.8:**

Identify all persons whom You expect to call as an expert witness at trial or other hearing in this matter, and for each state (a) the person's qualifications or expertise; (b) the subject matter on which such person is expected to testify; (c) the substance of all facts and opinions to which such person is expected to testify; and (d) a detailed summary of the grounds for each such opinion, including the identity of each document upon which such person has relied or expected to rely in formulating such opinion.

**RESPONSE NO.8:**

This request is premature – there have been no experts designated nor considered for purposes of trial and/or other hearing. Plaintiff will provide expert disclosures in accordance with what the federal rules and court's orders require. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness *it may use at trial to present evidence* under Federal Rule of Evidence 702, 703, or 705.

**INTERROGATORY NO.9:**

Other than in connection with this proceeding, state whether You have ever claimed, complained, alleged or asserted that any person or entity engaged in deceptive advertising, marketing, or labeling, negligent misrepresentation, fraud, breach of express and/or implied warranty of merchantability, or unjust enrichment.  If so, identify all such persons or entities, describe the nature of Your claim, complaint, allegation or assertion, to whom it was made, the date it was made, and the result.

**RESPONSE NO.9:**

No. However this is not relevant.

**INTERROGATORY NO.10:**

Identify all persons involved in designing, conducting, and reporting the laboratory testing described in Paragraphs 28, 29, 32, 34, 35, 39, and 42 of the Complaint, stating the role of each in designing, conducting, and/or reporting on the testing in addition to the information required by the definition of "identify" above.

discovery                                   UDFS1608852

**RESPONSE NO.10:**

Thomas G. Hartman, Joseph Scarsella – scientists.

**INTERROGATORY NO.11:**

Describe and identify any and all testing that has been performed regarding the Product, including but not limited to the laboratory testing described in Paragraphs 28, 29, 32, 34, 35, 39, and 42 of the Complaint and any testing of the Product commissioned by, or in the possession of, You or Your counsel that is not referenced in the Complaint.

**RESPONSE NO.11:**

Rutgers Mass Spectrometry Lab. Marsili Consulting Group. Both GC-MS with latter SPME-GC-MS.

**INTERROGATORY NO.12:**

Describe in detail the factual basis for Your allegations in Paragraph 6 of the Complaint that "Unilever charges a price premium for Breyers Natural Vanilla Ice Cream."

**RESPONSE NO.12:**

Premature. Plaintiff will provide information about price premium when it makes class certification motion. This is related to the damages model and predominance requirement.

**INTERROGATORY NO.13:**

Describe in detail the factual basis for Your allegation in Paragraph 87 of the Complaint that "Plaintiffs' claims are typical of the claims of the Class, respectively, because Plaintiff purchased Breyers Natural Vanilla Ice Cream products and was injured thereby."

**RESPONSE NO.13:**

Plaintiff is typical because she wanted vanilla ice cream and expected it to only have flavoring from vanilla – from vanilla beans from the vanilla plant. Plaintiff understood the

statement on the Product of "Vanilla" to mean vanilla because that is what it said as opposed to "non-vanilla." Plaintiff expects other people to understand it the same way. Plaintiff is incapable of providing documents which show mental processes why she expected vanilla to mean vanilla. The injury issue was subject of previous interrogatory.

**INTERROGATORY NO.14:**

Describe in detail the factual basis for Your allegation in Paragraph 47 of the Complaint that "Reasonable consumers are not aware of the distinction between natural and artificial flavors in ice cream products."

**RESPONSE NO.14:**

Plaintiff was unaware that ice cream labeled as "vanilla" is only supposed to have flavors from vanilla beans – "natural characterizing flavor." Flavors not from natural characterizing flavor are considered artificial.

**INTERROGATORY NO.15:**

Describe in detail the factual basis for your allegation in Paragraph 88 of the Complaint that "Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with those of other Class Members."

**RESPONSE NO.15:**

Plaintiff wants same thing as other class members – vanilla ice cream that only has flavor from vanilla beans. Plaintiff believes and will show at proper stage that this is what other class members want.

discovery                                    UDFS1608852

**INTERROGATORY NO.16:**

Describe and identify any and all Internet and social media content including but not limited to Facebook, Instagram, Twitter, blog posts, search engine advertisements, or websites, that was, in whole or part, authored, posted, re-posted, or linked by You or Your counsel relating to the Product.

**RESPONSE NO.16:**

Plaintiff has authored, posted, re-posted, or linked no such posts. Plaintiff is unaware of posts made by her counsel.

Dated:    September 30, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan (pro hac vice)
60 Cuttermill Rd, Suite 409
Great Neck, NY 11021
(516) 303-0552
*spencer@spencersheehan.com*

### Certificate of Service

I certify that on September 30, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☒ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan

discovery                          UDFS1608852

**Verification**


Pursuant to 28 U.S.C. § 1746, I verify, under penalty of perjury, that I have read the foregoing Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories and know the contents thereof and that the same is true, except as to matters stated therein upon information and belief and as to those matters, I believe them to be true.


Dated:  September 30, 2020 | 8:31:34 PM PDT _____

Lisa Vizcarra

DocuSigned by:

*Lisa Vizcarra*

EB1CE827512F442...

**EXHIBITS B-E**

**REDACTED**

**EXHIBIT F**

<u>Sheehan & Associates, P.C.</u>

**<u>Spencer Sheehan</u>**

Mr. Sheehan represents parties in a range of false advertising litigation.  After Mr. Sheehan became an attorney in late 2011, he worked on behalf of municipalities and local government agencies in legal disputes. Following this experience, Mr. Sheehan worked for a plaintiff's law firm representing individuals subjected to violations of state and federal laws related to minimum wage, workplace safety and discrimination.

Of notable actions by Mr. Sheehan on behalf of consumers includes, *Liberski, et al v. Rhapsody International Inc*., San Francisco County, California Superior Court, Case No. No. CGC-12-517061. In 2014, the parties reached a class wide settlement ("Rhapsody Subscriber Litigation Settlement"). Mr. Sheehan, with the California firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, were appointed as lead counsel.

Mr. Sheehan was appointed lead counsel with the law firms of Reese LLP and Aegis Law Firm, P.C., in *Cicciarella v. Califia Farms, LLC*, 7:19-cv-08785-CS, S.D.N.Y. in summer 2020. The Court approved a nationwide settlement which resolved the underlying federal action and a California state case. It was alleged that defendant mislabeled its non-dairy milk alternative products with respect to flavoring (vanilla, hazelnut, etc.) and the presence of carrageenan. The class wide settlement resulted in individual consumers being able to receive up to $15 in monetary compensation.

In December 2016, Mr. Sheehan began focusing his practice exclusively on consumer advertising issues. He has been on the forefront of food labeling cases based on original, significant claims.

For instance, Mr. Sheehan was the first attorney to address "raw" juice products which were alleged to be treated with a non-thermal technology which had substantially the same effects as traditional thermal pasteurization. *See e.g. Campbell v. Freshbev LLC*, Case No. 1:16-cv-07119 (E.D.N.Y.), *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 342 (E.D.N.Y. 2018) ("Therefore, plaintiff has successfully pleaded his GBL §§ 349 and 350 claims with respect to the 'unpasteurized' label on the Cranberry juice.").  These cases attempted to apply the applicable law to the effects of novel technologies which were not considered at the time the FDA enacted regulations in this area.

Mr. Sheehan's pro bono work includes representing people with exotic or non-traditional animal companions. This includes his efforts, with local Florida counsel, on behalf of a Floridian who came to possess an alligator over six feet in length, alleged to be in violation of Florida's wildlife laws. Mr. Sheehan's efforts contributed to resolution of that issue and allowed the woman and gator to remain together. *See* John Breslin, <u>Lakeland woman keeps alligator, thanks to efforts of lawyer tied to subway shooter's squirrel eviction case</u>, Florida Record, January 4, 2017.

Mr. Sheehan holds a Bachelor of Science Degree from Georgetown University in Foreign Service (2002) and a Master's Degree in International Relations from the School of Advanced International Studies (SAIS), Johns Hopkins University (2006). Mr. Sheehan obtained a Juris Doctorate from Fordham University School of Law (2010). Mr. Sheehan also was a member of the United States Marine Corps as a Reservist.

**<u>Christopher Patalano</u>**

Mr. Patalano joined Sheehan & Associates, P.C. in February 2020. Mr. Patalano joined Sheehan & Associates, P.C. in February 2020 where he represents parties in a range of false advertising litigation. Mr. Patalano began his legal career in 2014 with the law firm Katten Muchin Rosenman LLP in New York City. There Mr. Patalano worked in the litigation department until 2016.

While at Katten, Mr. Patalano worked on a wide range of litigation matters including FINRA and SEC administrative proceedings. Mr. Patalano also served as point person for discovery matters related to an SEC investigation and oversaw a team of five document review attorneys.

Mr. Patalano was recognized for his pro bono work at Katten and while in law school. At Katten, Mr. Patalano worked on various pro bono projects including an immigration proceeding where he and another associate attorney argued that an individual should be granted political asylum in the United States after facing persecution in her home country.

While in law school, Mr. Patalano was a member of the Harvard Law School Veterans Legal Clinic. As a member of the clinic, Mr. Patalano wrote a winning brief that persuaded the Board of Veterans Appeals to award a veteran's widow monthly benefits after the Board had originally denied her those benefits.

Mr. Patalano left Katten to work as an organizer for the Nevada Democratic Party and Hillary for America in Las Vegas, Nevada. Mr. Patalano managed a team of organizers and volunteers throughout the campaign's get-out-the vote operation.

At Sheehan & Associates, P.C., Mr. Patalano works on all aspects of complex consumer class action litigation. Mr. Patalano drafts complaints, briefs, memoranda, and motions.

Mr. Patalano holds a Bachelor of Arts Degree from Wesleyan University in the College of Letters (2009). Upon graduation from Wesleyan University, Mr. Patalano worked as a middle school English teacher in Hartford, Connecticut with Teach for America. Mr. Patalano obtained a Juris Doctorate from Harvard Law School (2014).

**EXHIBIT G**

# **REESE LLP**

Reese LLP represents consumers in a wide array of class action litigation throughout the nation. The attorneys of Reese LLP are skilled litigators with years of experience in federal and state courts. Reese LLP is based in New York, New York with offices also in California and Minnesota.

Recent and current cases litigated by the attorneys of Reese LLP on behalf of consumers include the following:

*Hasemann v. Gerber Products Co.*, case no. 15-cv-02995-MKB-RER (E.D.N.Y.)(case involving misrepresentation of health benefits of baby formula in violation of New York consumer protection laws); *Worth v. CVS Pharmacy, Inc.*, case no. 16-cv-00498 (E.D.N.Y.); (E.D.N.Y.)(class action for alleged misrepresentations regarding health benefits of dietary supplement); *Roper v. Big Heart Pet Brands, Inc.*, case no. 19-cv-00406-DAD (E.D. Cal.)(class action regarding pet food); *Ackerman v. The Coca-Cola Co.*, 09-CV-0395 (JG) (RML) (E.D.N.Y.)(class action for violation of California and New York's consumer protection laws pertaining to health beverages); *Rapaport-Hecht v. Seventh Generation, Inc.*, 14-cv-9087-KMK (S.D.N.Y.)(class action for violation of California and New York's consumer protection laws pertaining to personal care products); *Berkson v. GoGo, LLC,* 14-cv-1199-JWB-LW (E.D.N.Y.)(class action regarding improper automatic renewal clauses); *Chin v. RCN Corporation*, 08-cv-7349 RJS (S.D.N.Y.)(class action for violation of Virginia's consumer protection law by I.S.P. throttling consumers' use of internet); *Bodoin v. Impeccable L.L.C.*, Index. No. 601801/08 (N.Y. Sup. Ct.)(individual action for conspiracy and fraud); *Huyer v. Wells Fargo & Co.*, 08-CV-507 (S.D. Iowa)(class action for violation of the RICO Act pertaining to mortgage related fees); *Murphy v. DirecTV, Inc.*, 07-CV-06545 FMC (C.D. Cal.)(class action for violation of California's consumer protection laws); *Bain v. Silver Point Capital Partnership LLP,* Index No. 114284/06 (N.Y. Sup. Ct.)(individual action for breach of contract and fraud); *Siemers v. Wells Fargo & Co.*, C-05-4518 WHA (N.D. Cal.)(class action for violation of § 10(b) of the Securities Exchange Act of 1934 pertaining to improper mutual fund fees); *Dover Capital Ltd. v. Galvex Estonia OU*, Index No. 113485/06 (N.Y. Sup. Ct.)(individual action for breach of contract involving an Eastern European steel company); *All-Star Carts and Vehicles Inc. v. BFI Canada Income Fund*, 08-CV-1816 LDW (E.D.N.Y.)(class action for violation of the Sherman Antitrust Act pertaining to waste hauling services for small businesses on Long Island); *Petlack v. S.C. Johnson & Son, Inc.*, 08-CV-00820 CNC (E.D. Wisconsin)(class action for violation of Wisconsin consumer protection law pertaining to environmental benefits of household cleaning products); *Wong v. Alacer Corp.*, (San Francisco Superior Court)(class action for violation of California's consumer protection laws pertaining to deceptive representations regarding health benefits of dietary supplement's ability to improve immune system); *Howerton v. Cargill, Inc.* (D. Hawaii)(class action for violation of various consumer protection laws regarding sugar substitute); *Yoo v. Wendy's International, Inc.*, 07-CV-04515 FMC (C.D. Cal.)(class action for violation of California's consumer protection laws pertaining to adverse health effects of partially hydrogenated oils in popular food products).

## **The Attorneys of Reese LLP**

**Michael R. Reese**

Mr. Reese is the founding partner of Reese LLP where he litigates consumer protection and antitrust cases as class actions and on behalf of individual clients. Prior to entering private practice in 2000, Mr. Reese served as an assistant district attorney at the Manhattan District Attorney's Office where he served as a trial attorney prosecuting violent and white-collar crime.

Achievements by Mr. Reese on behalf of consumers span a wide array of actions. For example, in *Yoo v. Wendy's International Inc.*, Mr. Reese was appointed class counsel by the court and commended on achieving a settlement that eliminated trans-fat from a popular food source. *See Yoo v. Wendy's Int'l Inc.*, No. 07-CV-04515-FMC (JCx) (C.D. Cal. 2007) (stating that counsel "***has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy***"). In *Chin v. RCN Corporation*, Mr. Reese was appointed class counsel and commended by the court for stopping RCN's practice of throttling its Internet customers through adverse network management practices. *See Chin v. RCN Corp.*, No. 08-CV-7349(RJS)(KNF), 2010 WL 3958794, 2010 U.S. Dist. LEXIS 96302 (S.D.N.Y. Sept. 8, 2010) (stating that "***class counsel is qualified, experienced, and able to conduct the litigation***").

Victories by Mr. Reese and his firm include a $6.1 million class action settlement in *Howerton v. Cargill, Inc.* (D. Hawaii) for consumers of Truvia branded sweetener; a $6.4 million class action settlement in the matter of *Wong v. Alacer Corp.* (S.F. Superior Court) for consumers of Emergen-C branded dietary supplement; and, a $25 million dollar settlement for mortgagees in *Huyer v. Wells Fargo & Co.* (S.D. Iowa).

Mr. Reese and his firm are frequently appointed as co-lead counsel in food related multi-district litigations, including, but not limited to: *In re Vitaminwater Sales and Marketing Practices Litigation*, case no. 11-md-2215-DLI-RML (E.D.N.Y.); *In re Frito-Lay N.A. "All-Natural" Sales & Marketing Litigation*, case no. 12-md-02413-RRM-RLM (E.D.N.Y.);  and, *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.*, case no. 19-md-2887-JAR-TT (D. Kansas).

Mr. Reese is a frequent lecturer and author on issues of class actions and food law.  Mr. Reese co-hosts an annual two day food law conference with Professor Michael Roberts of UCLA; presents at the annual conference of the Consumer Brands Association (formerly known as the Grocery Manufacturers' Association); presented at Union Internationale des Advocats Annual Congress in Porto, Portugal.  Recent articles on food law and class actions appear in publications by the American Bar Association and the Union Internationale des Advocats.

Mr. Reese is also the chairperson of the Cambridge Forum Conference on Food Fraud and is also an executive committee member of the Plaintiffs' Class Action Roundtable, where he lectures on an annual basis on issues related to class actions.

Mr. Reese is also an adjunct professor at Brooklyn Law School where he teaches on class actions as well as food law.

Mr. Reese also is on the advisory boards for the University of California, Los Angeles School of Law Resnick Center for Food Law and Policy and Wellness in the Schools in New York, New York.

Mr. Reese is a member of the state bars of New York and California as well as numerous federal district and appellate courts. Mr. Reese received his juris doctorate from the University of Virginia in 1996 and his bachelor's degree from New College in 1993.

**Sue J. Nam**

Ms. Nam is based in New York where she focuses on consumer class actions.  Ms. Nam also runs the appellate practice at the firm and has represented clients before the Second and Ninth Circuits, as well as The Court of Appeals in New York.  Ms. Nam also specialized in copyright law and represents photographers and other visual artists who have had their copyright protected works infringed.

Prior to joining the firm, Ms. Nam was the General Counsel for NexCen Brands, Inc., a publicly traded company that owned a portfolio of consumer brands in food, fashion and homeware.

Previously, Ms. Nam was Intellectual Property Counsel and Assistant Corporate Secretary at Prudential Financial, Inc., and she was an associate specializing in intellectual property and litigation at the law firms of Brobeck Phleger & Harrison LLP in San Francisco, California and Gibson Dunn & Crutcher LLP in New York, New York.

Ms. Nam clerked for the Second Circuit prior to joining private practice.

Ms. Nam received her juris doctorate from Yale Law School in 1994. She received a bachelor's degree with distinction from Northwestern University in 1991.


**Carlos F. Ramirez**

Mr. Ramirez is an accomplished trial attorney based in New York, where he focuses his practice on the litigation of consumer class actions. Prior to entering private practice in 2001, Mr. Ramirez served as an Assistant District Attorney at the Manhattan District Attorney's Office where he served as a trial attorney prosecuting both violent and white-collar crimes.

Previous and current consumer fraud class actions litigated by Mr. Ramirez include *Hasemann v. Gerber Products Co.*, case no. 15-cv-02995-MKB-RER (E.D.N.Y.)(case involving misrepresentation of health benefits of baby formula in violation of New York consumer protection laws); *Coe v. General Mills, Inc.*, No. 15-cv-5112-TEH (N.D. Cal.) (involving false advertisement claims relating to the Cheerios Protein breakfast cereal); *In re Santa Fe Natural Tobacco Company Marketing & Sales Practices Litigation*, 16-md-2695-JB/LF (D.N.M.)(involving the deceptive marketing of cigarettes as "natural" and "additive free"); *Lamar v. The Coca-Cola Company, et al.*, No. 17-CA-4801 (D.C. Superior Ct.) (involving the deceptive marketing of sugar drinks as safe for health); and

Mr. Ramirez is a member of the state bars of New York and New Jersey. He is also a member of the bars of the U.S. District Courts for the Eastern District of New York and Southern District of New York. Mr. Ramirez received his juris doctorate from the Fordham University School of Law in 1997 and his bachelor's degree from CUNY-Joh Jay College in 1994.

**George V. Granade II**

Mr. Granade is a partner at Reese LLP based in Los Angeles, California, where he focuses on consumer class actions. Cases Mr. Granade has worked on include:

- *Barron v. Snyder's-Lance, Inc.,* No. 0:13-cv-62496-JAL (S.D. Fla.) (involving "Snyder's," "Cape Cod," "EatSmart," and "Padrinos" brand food products labeled as "natural" and allegedly containing genetically-modified organisms and other synthetic ingredients);

- *In re: Frito-Lay North America, Inc. "All Natural" Litigation*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.) (involving "SunChips," "Tostitos," and "Bean Dip" products labeled as "natural" and allegedly containing genetically-modified organisms); and

- *Martin v. Cargill, Inc.*, No. 0:13-cv-02563-RHK-JJG (D. Minn.) (involving "Truvia" sweetener product labeled as "natural" and allegedly containing highly processed ingredients).

Mr. Granade received his juris doctorate from New York University School of Law in 2011. He received a master's degree from the University of Georgia at Athens in 2005 with distinction and a bachelor's degree from the University of Georgia at Athens in 2003, *magna cum laude* and with High Honors.

Mr. Granade is a member of the state bars of Georgia, New York, and California. He is also a member of the bar of the U.S. Courts of Appeals for the Second Circuit and Ninth Circuit, as well as the bars of the U.S. District Courts for the Eastern District of New York, Southern District of New York, Western District of New York, Southern District of Illinois, Northern District of Illinois, Northern District of California, Southern District of California, Central District of California, and Eastern District of California.

**Charles D. Moore**

Mr. Moore is based in Minneapolis, Minnesota where he focuses on both consumer as well as employment class actions.

Mr. Moore has worked on a number of high profile class actions at Reese LLP as well as his prior firm where he worked as co-counsel with Reese LLP on numerous matters. His notable cases include *Marino v. Coach, Inc.*, Case. No. 1:16-cv-01122-VEC (OTW) (Lead) (S.D.N.Y.) (involving deceptive reference pricing in the sale of outlet merchandise); *Raporport-Hecht v. Seventh Generation, Inc.*, Case No. 7:14-cv-09087-KMK (S.D.N.Y.) (involving the deceptive advertising of household products as "natural"); *Gay v. Tom's of Maine, Inc.*, Case No. 0:14-cv-60604-KMM (S.D. Fla.) (involving deceptive advertising of personal care products as "natural"): *Frohberg v. Cumberland Packing Corp.*, Case No. 1:14-cv-00748-KAM-RLM (E.D.N.Y.) (involving deceptive advertising of food products as "natural"); *Baharenstan v. Venus Laboratories, Inc. d/b/a Earth Friendly Products, Inc.*, Case No. 3:15-cv-03578-EDL (N.D. Cal.) (involving deceptive advertising of household products as "natural"); *Sienkaniec v. Uber Technologies, Inc.*, Case No. 17-cv-04489-PJS-FLN (D. Minn.) (involving the misclassification of Uber drivers as independent contractors); *Dang v. Samsung Electronics Co.*, 673 F. App'x 779 (9th Cir. 2017) (*cert denied* 138 S. Ct. 203) (rejecting shrink-wrap terms in California for purposes of arbitration).

Mr. Moore is a member of the state bar of Minnesota. He is also a member of the bar of the U.S. District Court for the District of Minnesota. Mr. Moore received his juris doctorate from Hamline University School of Law in 2013, and his bachelor's degree from the University of North Dakota in 2007.