# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LISA VIZCARRA, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 4:20-cv-02777-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Honorable Yvonne Gonzalez Rogers |

This matter came before the Court for hearing before the Honorable Yvonne Gonzalez Rogers in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, on September 14, 2021, at 2:00 p.m. to address the Motion for Class Certification filed by Plaintiff Lisa Vizcarra ("Plaintiff"). The Court, having considered the papers submitted by the parties, the documents and evidence filed with respect to the motion, and the record in the case, and having heard and considered the arguments of counsel at the hearing, hereby ORDERS:

Plaintiff's Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) is GRANTED.

## I. Background

This putative class action is a deceptive advertising case against Unilever United States, Inc. ("Defendant" or "Unilever"). Unilever manufactures, markets, and sells Breyers Natural Vanilla Ice Cream (the "Product"). Plaintiff alleges she was misled by Defendant's labeling of the Product, shown below.



1   Plaintiff purchased the Product approximately once every two months during the Class
2   Period for her and her spouse's consumption, including at a Safeway in Daley City, California,
3   and at a Lucky on Sloat Boulevard in San Francisco. *See* Plaintiff's Response to Defendant's
4   Interrogatory No. 4, dated September 30, 2020, attached as Exhibit A to Declaration of Michael
5   R. Reese ("Reese Decl."). Based on the label, which displays the statement "Natural Vanilla"
6   and images of the vanilla plant flowers and beans and a scoop of ice cream with noticeable dark
7   specks (the "Vanilla Representations"), Plaintiff believed the Product's vanilla flavor came only
8   from the vanilla plant. Plaintiff's Response to Defendant's Interrogatory No. 13.

9   However, Plaintiff further contends, and Defendant has admitted, that in fact the Product
10  includes vanilla flavor from non-vanilla plant sources. *See* Defendant's Response to Plaintiff's
11  Interrogatory Request No. 5 and 6, dated August 31, 2020, attached as Exhibit B to Reese Decl.

12  Seeking a remedy for Defendant's conduct, Plaintiff brings class-wide claims under
13  California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); False
14  Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); and Consumers Legal
15  Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"). She seeks monetary damages,
16  restitution, and injunctive relief for future harms in the form of labeling changes.

17  On this motion, Plaintiff requests that the Court certify the following Class:

18
19  > All persons who purchased Breyers Natural Vanilla Ice Cream in the State
    > of California at any time from April 21, 2016 through the final disposition
    > of this Action.

20  She requests that the Court appoint (1) her as class representative on all claims and (2) her
21  counsel, Reese LLP and Sheehan & Associates, P.C., as co-lead counsel for the class.

22  **II.   Legal Standards Applicable to Class Certification**

23  Rule 23 incorporates two sets of distinct requirements movants must meet before the
24  Court may certify a class. First, the movant must meet all of the requirements under Rule 23(a).
25  Second, the class must meet at least one of the prongs of Rule 23(b). "A party seeking class
26  certification must affirmatively demonstrate . . . compliance with the Rule . . . . " *Wal-Mart*
27  *Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("*Dukes*").

28

Under Rule 23(a), the Court may certify a class only where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).

If all four prerequisites of Rule 23(a) are satisfied, the Court also must also find that Plaintiff satisfies at least one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Here, Plaintiff seeks certification under Rule 23(b)(3) and 23(b)(2). A class may be certified under Rule 23(b)(3) if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). A class may be certified under Rule 23(b)(2) if a court finds that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

## III. The Class Satisfies All Requirements of Federal Rule of Civil Procedure 23(a)

### A. Numerosity

The first requirement for class certification demands that the class be "so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). Numerosity does not require a plaintiff to establish the exact number of persons in the class. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D. Cal. 2001). While no specific minimum number of potential class members exists, a "proposed class of at least forty members presumptively satisfies the numerosity requirement." *Nguyen v. Radient Pharmaceuticals Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012).

1    Here, numerosity is met, as there is no question that Defendant sold tens of thousands of
2 units of its Product in California during the Class Period. *See* Reese Decl., Exhibit E (showing
3 Defendant's sales of Product for past five years).

### B. Commonality

Rule 23(a)(2) requires that the party seeking certification show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, a common question "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

In a false labeling case such as this, "the central question is whether [the defendant's labels] were likely to deceive a reasonable consumer." *Kumar v. Salov North America Corp.*, No. 14-cv-02411-YGR, 2016 WL 3844334, at *4 (N.D. Cal. July 15, 2016). Under the UCL, CLRA, and FAL, "[p]laintiffs need not prove that the putative class members individually relied on the allegedly misleading claims but instead that members of the public are likely to be deceived by those claims." *McMorrow v. Mondelēz International, Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL 859137, at *12 (S.D. Cal. Mar. 8, 2021). Thus, where there are "identical statements on the labels of the products at issue," the answer to that question will "be based on common facts." *Kumar*, 2016 WL 3844334, at *4. As a result, "[i]n other consumer fraud cases in this district, courts have found similar common questions to be sufficient to satisfy commonality." *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 607-608 (N.D. Cal. 2018) (citing numerous cases).

In *Bailey v. Rite Aid Corp.*, -- F.R.D. --, Case No. 4:18-cv-06926 YGR, 2021 WL 1668003, at *5-9 (N.D. Cal. Apr. 28, 2021), this Court concluded that the plaintiff met his burden to show commonality for his UCL, FAL, and CLRA claims. This case is no different. Here, as in *Bailey*, the "commonality requirement is met because two questions, which are integral to [her] claims under the UCL, FAL, and CLRA, can be resolved with common proof," namely: (1) the question of whether the Vanilla Representations were likely to deceive reasonable consumers; and (2) whether the Vanilla Representations were material to reasonable consumers. *Id.* at *5.

### C.   Typicality

Typicality is satisfied if the named plaintiff's claims stem from the same practice or course of conduct that forms the basis of the class's claims and are based upon the same legal remedial theory. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). "Typicality focuses on the class representative's claim--but not the specific facts from which the claim arose--and ensures that the interest of the class representative aligns with the interests of the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017).

Here, Plaintiff's claims are typical of those of the other Class members. She, like all class members: purchased the Product during the Class Period that Defendant had labeled with the Vanilla Representations; believed based on the Vanilla Representations that all of the vanilla flavor of the Product was from the vanilla plant; paid a price premium based on the Vanilla Representations; and seeks damages, restitution, and injunctive relief. *See* Exhibit A to Reese Decl. (Plaintiff's responses to Defendant's Interrogatories Nos. 4. 7. 13); Complaint at ¶¶ 92-122, Prayer for Relief.

### D.   Adequacy of Representation

Rule 23(a)(4) requires that the class representative and class counsel "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In the Ninth Circuit, this is satisfied if (1) neither the representative plaintiff nor her counsel "have any conflicts of interest with other class members," and (2) the representative plaintiff and her counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, the adequacy of representation requirement is met. Plaintiff has no conflict with other Class members, and she will fairly and adequately protect the interests of the members of the Class. She stands in the same shoes as all other members of the Class, seeks the same relief as the other class members, and has a common interest in obtaining all of the relief sought. Plaintiff's counsel also will adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in class-action litigation. *See* Firm Resumes and Attorney CVs, attached as Exhibits F and G to Reese Decl. Neither firm has any conflicts of interest with

1  members of the Class. Reese Decl. at ¶ 15. Both Plaintiff and her counsel have prosecuted and
2  will prosecute the action vigorously on behalf of the Class. *Id.* at ¶ 10-11.

### IV.   The Class Satisfies Federal Rule of Civil Procedure 23(b)(2)

The Court finds that the Class satisfies the requirements of Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *See* Fed. R. Civ. P. 23(b)(2).

The remedy sought by Plaintiff is class-wide, homogenous injunctive relief, namely, changes to the Product's label to cure the alleged deception. Given the significant suitability of this controversy to singular injunctive relief, Plaintiff has shown that a 23(b)(2) class should be certified. *See Zeiger v. WETPET LLC*, -- F. Supp. 3d --, No. 3:17-cv-04056-WHO, 2021 WL 756109, at *30 (N.D. Cal. Feb. 26, 2021) (granting certification under Rule 23(b)(2), finding that an injunction "would prohibit the alleged misrepresentations as to all class members").

### V.   The Class Satisfies Federal Rule of Civil Procedure 23(b)(3)

Rule 23(b)(3) requires plaintiffs to establish "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Class meets both requirements.

#### A.   Predominance

The predominance inquiry asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation. The focus is on the relationship between the common and individual issues." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (internal quotation marks and citation omitted)). Predominance does not require that all issues in the case be common. Rather, the common questions need only be "a significant aspect of the case . . . [that] can be resolved for all members of the class in a single adjudication." *Mazza*, 666 F.3d at 589.

1      Courts routinely find predominance in false labeling cases, such as this one. "[B]ecause
2  deception and materiality under the FAL, CLRA, and UCL are objective questions, they are
3  ideal for class certification because they will not require the court to investigate class members'
4  individual interaction with the challenged products." *Hadley v. Kellogg Sales Co.*, 324 F. Supp.
5  3d 1084, 1115 (N.D. Cal. 2018) (internal quotation marks and edits omitted); *see also Bailey*,
6  2021 WL 1668003, at *13 ("Courts routinely hold that if a plaintiff shows by a preponderance
7  of the evidence that the questions of materiality and likelihood of deception can be resolved
8  with common evidence based on the objective reasonable consumer standard, then common
9  questions predominate over individual ones with respect to claims under the UCL, CLRA, and
10 FAL."); *Kumar*, 2016 WL 3844334, at *7-10 (finding predominance in false labeling action
11 based on common questions regarding deception, materiality, and class-wide proof of
12 restitution; certifying class); *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2016
13 WL 1535057, at *6-7 (N.D. Cal. Apr. 15, 2016) (same).

14     Furthermore, Plaintiff has met her burden to show that her proposed damages model
15 comports with *Comcast* and that damages are capable of measurement on a class-wide basis.
16 Plaintiff's theory of liability is that Defendant misrepresented that the Product's vanilla flavor
17 was exclusively derived from the vanilla plant and that this alleged misrepresentation caused
18 consumers to pay a higher price for the Product. To measure the value of an individual product
19 attribute such as a specific understanding of the label, Plaintiff's expert, Dr. J. Michael Dennis,
20 proposes a choice-based conjoint survey methodology. Declaration of J. Michael Dennis, Ph.D.,
21 dated June 11, 2021 ("Dennis Decl.") at ¶ 79. Dr. Dennis has submitted a declaration stating
22 that his proposed conjoint methodology has been used for decades by academic researchers,
23 industry marketing departments, and government agencies to determine the price premium
24 attributable to particular product attributes, such as label claims. *Id.* at ¶ 87. He further declares
25 that choice-based conjoint analysis, which is the specific methodology he proposes to use, is
26 the most widely used type of conjoint survey, and over 18,000 conjoint surveys are estimated
27 to take place each year in commercial applications. *Id.*

28

Numerous courts have approved of conjoint analysis as a methodology to determine the price attributable to a misrepresentation on a product label. *Id.* at ¶¶ 80, 82. *See, e.g.*, *McMorrow*, 2021 WL 859137, at *7-10 (accepting Dr. Dennis' conjoint analysis methodology and certifying class); *Fitzhenry-Russell*, 326 F.R.D. at 603-06, 615 (accepting Dr. Dennis' conjoint analysis methodology and certifying class); *de Lacour v. Colgate-Palmolive Co.*, 16-cv-8364-KMW, 2021 WL 1590208, at *15 (S.D.N.Y. Apr. 23, 2021) (accepting Dr. Dennis' conjoint analysis methodology and certifying class); *see also Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 575 (N.D. Cal. 2020) (stating that "conjoint surveys and analyses have been accepted against *Comcast* and *Daubert* challenges by numerous courts in consumer protection cases challenging false or misleading labels"; accepting methodology and certifying class); *Bailey*, 2021 WL 1668003, at *15 ("In mislabeling cases where the injury suffered by consumers was in the form of an overpayment resulting from the alleged misrepresentation at issue, such as here, courts routinely hold that choice-based conjoint models that are designed to measure the amount of overpayment satisfy *Comcast*'s requirements."; accepting methodology and certifying class).

For all of these reasons, Rule 23(b)(3)'s predominance requirement is satisfied.

**B.   Superiority**

Rule 23(b)(3) enumerates four factors governing analysis of whether the superiority requirement is met: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Here, superiority is easily satisfied. There is little to be gained by class members filing individual claims because the amounts are only a few dollars per purchase. Moreover, judicial resources would be conserved by concentrating the action in a single suit. Finally, the adjudication of class claims would not be significantly more burdensome than if the matter were prosecuted individually, whereas the prosecution of individual remedies could establish inconsistent standards of conduct for Defendant. Simply put, certification is appropriate

because this case can be tried in a more efficient and practical manner on a class-wide basis. *See Zeiger*, 2021 WL 756109, at *23.

**VI.   Conclusion**

Because each element of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) is satisfied, the Court GRANTS Plaintiff's motion for class certification and certifies the following Class:

> All persons who purchased Breyers Natural Vanilla Ice Cream in the State of California at any time from April 21, 2016 through the final disposition of this Action.

Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

Furthermore, the Court appoints (1) Plaintiff Lisa Vizcarra as class representative on all claims, and (2) Reese LLP and Sheehan & Associates, P.C., as co-lead class counsel.

**IT IS SO ORDERED.**

Date: _____    _____
                                          Honorable Yvonne Gonzalez Rogers
                                          United States District Judge