**REESE LLP**
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (*Pro Hac Vice*)
spencer@spencersheehan.com
60 Cuttermill Road, Suite 409
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800

*Counsel for Plaintiff Lisa Vizcarra and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| LISA VIZCARRA, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 4:20-cv-02777-YGR<br><br>**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 14, 2021<br>Time: 2:00 p.m.<br>Courtroom: 1 (1301 Clay Street)<br>Judge: Hon. Yvonne Gonzalez Rogers |

**<u>UNREDACTED</u>**

**CONTAINS INFORMATION MARKED AS CONFIDENTIAL**

---

# NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 14, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, Oakland Courthouse, Courtroom 1 – 4th Floor, located at 1301 Clay Street, Oakland, California 94612, before the Honorable Yvonne Gonzalez Rogers, plaintiff Lisa Vizcarra will, and hereby does, move, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify the following class:

> All persons who purchased Breyers Natural Vanilla Ice Cream in the State of California at any time from April 21, 2016 through the final disposition of this Action.

Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

The Class will pursue claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA").

Plaintiff further requests that the Court appoint (1) Plaintiff Lisa Vizcarra as the class representative on all claims, and (2) Reese LLP and Sheehan & Associates, P.C., as co-lead class counsel.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael R. Reese and the exhibits attached thereto, the Declaration of Dr. J. Michael Dennis and the exhibits attached thereto, and on such other written and oral arguments as may be presented to the Court.

Date: June 11, 2021                              Respectfully submitted,

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff Lisa Vizcarra and the Proposed Class*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................................iv

TABLE OF AUTHORITIES ...................................................................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................................1

I.    STATEMENT OF ISSUES TO BE DECIDED ..........................................................................1

II.    INTRODUCTION .......................................................................................................................1

III.    STATEMENT OF FACTS ..........................................................................................................3

    A.    Plaintiff's Reliance and Economic Injury in Purchasing the Product During the Class Period ...............................................................................................................3

    B.    Consumers Have a Common Understanding of the Product's Label that the Product's Vanilla Flavor Comes Exclusively from the Vanilla Plant ......................3

    C.    Consumers Seek Out and Pay a Premium for a Product Whose Vanilla Flavor Is Exclusively from Real Vanilla ..................................................................4

    D.    Defendant Engaged in the Same Misconduct Throughout the Class Period ...........5

IV.    LEGAL STANDARD ..................................................................................................................6

V.    ARGUMENT ................................................................................................................................7

    A.    The Class Satisfies the Requirements of Rule 23(a) ..............................................7

        1.    The proposed class—the members of which number in the thousands—satisfy numerosity. ..................................................................7

        2.    Plaintiff's claims share common questions of law and fact. .......................7

        3.    Plaintiff's claims are typical of the other class members' claims. ..............8

        4.    Plaintiff satisfies the adequacy-of-representation requirement because her interests coincide with the class's interests. ..............................9

    B.    Plaintiff Satisfies Rule 23(b)(2). ..............................................................................10

    C.    Plaintiff satisfies Rule 23(b)(3). ..............................................................................11

        1.    Common questions predominate. ..............................................................11

        2.    A class action here is superior. ..................................................................13

VI.    CONCLUSION ............................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455 (2013) ............................................ 7

*Bailey v. Rite Aid Corporation*, -- F.R.D. --, Case No. 4:18-cv-06926 YGR,
   2021 WL 1668003 (N.D. Cal. 2021) ................................................................................ passim

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ................................................................. 6, 11, 12

*de Lacour v. Colgate-Palmolive Co.*, 16-CV-8364 (KMW),
   2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021) ........................................................................ 12

*Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*,
   326 F.R.D. 592 (N.D. Cal. 2018) ..................................................................................... passim

*Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084 (N.D. Cal. 2018) .......................................... 11

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ........................................................... 7, 8

*Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017) ................................................................. 8

*Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552 (N.D. Cal. 2020) ................................... 12, 13

*Kumar v. Salov North America Corp.*, No. 14-cv-02411 YGR,
   2016 WL 3844334 (N.D. Cal. July 15, 2016) ................................................................ 7,8, 11

*Mazza v. Am. Honda Motor Co.*, *Inc.*, 666 F.3d 581 (9th Cir. 2012) ....................................... 6, 11

*McMorrow v. Mondelēz International, Inc.*, Case No. 17-cv-2327-BAS-JLB,
   2021 WL 859137 (S.D. Cal. Mar. 8, 2021) ................................................................. 7, 12, 13

*Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS,
   2016 WL 1535057 (N.D. Cal. Apr. 15, 2016) ........................................................................ 11

*Pettit v. Procter & Gamble Co*., No. 15-CV-02150-RS,
   2017 WL 3310692 (N.D. Cal. Aug. 3, 2017) ..................................................................... 9, 11

*Rannis v. Recchia*, 380 Fed. App'x 646 (9th Cir. 2010) ................................................................. 7

Rodriguez v. Hayes, 591 F.3d 1105 (9th Cir. 2010) ...................................................................... 10

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ....................................................................... 9

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011) .................................................... 11

*Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR,
   2020 WL 4016810 (N.D. Cal. July 16, 2020) ......................................................................... 2

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .............................................................. 6, 10

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010) .................................... 8

*Zeiger v. WETPET LLC*, -- F.Supp.3d --, No. 3:17-cv-04056-WHO,
 2021 WL 756109 (N.D. Cal. Feb. 26, 2021) ................................................................................. 10, 13

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180,
 *amended by* 273 F.3d 1266 (9th Cir. 2001) ................................................................................. 6, 7

**REGULATIONS**

Bus. & Prof. Code §§ 17200, et seq. ("UCL"). ............................................................... passim

Bus. & Prof. Code §§ 17500, et seq. ("FAL") ............................................................... passim

Cal. Civ. Code §§ 1750, et seq. ("CLRA") ..................................................................... passim

**RULES**

Federal Rule of Civil Procedure 23 ................................................................................. passim

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Lisa Vizcarra ("Plaintiff") respectfully submits the following in support of her motion for class certification under Federal Civil Procedure Rules 23(a), (b)(2) and (b)(3) on behalf of all persons residing in California who have purchased Breyers Natural Vanilla Ice Cream for their own use and not for resale, since April 21, 2016 ("Class Period").

### I. STATEMENT OF ISSUES TO BE DECIDED

Has Plaintiff met the requirements of Rule 23 for certification of the proposed class?

### II. INTRODUCTION

Unilever United States, Inc. ("Defendant" or "Unilever") manufactures, markets, and sells Breyers Natural Vanilla Ice Cream (the "Product"). Plaintiff alleges she was misled by Defendant's labeling of the Product, shown below.



Based on the label, which displays the statement "Natural Vanilla" and images of vanilla plant flowers and beans, and a scoop of ice cream with noticeable dark specks (the "Vanilla Representations"), she believed the Product's vanilla flavor came **only** from the vanilla plant. Class Action Complaint, ECF No. 1, at ¶ 12. Plaintiff's Complaint alleges that, in fact,

Defendant adds vanilla flavoring from non-vanilla plant sources. *Id.* at ¶ 27. Plaintiff brings claims for violation of the unlawful and unfair/fraudulent prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. (the "UCL"), violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. (the "FAL"), and violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"). *Id.* at ¶¶ 92-122. Plaintiff seeks monetary damages and restitution based on the price premium that she and all other consumers paid. *Id.* at ¶¶ 71-74. Plaintiff also seeks injunctive relief for future harms in the form of labeling changes. *Id.* at ¶¶ 92-122; Prayer for Relief.

This matter is a textbook case for class certification. All consumers in the proposed class saw the same Vanilla Representations on the Product's label throughout the Class Period. All consumers received the same thing—a Product that does not derive its vanilla flavor exclusively from the vanilla plant. Whether Defendant's label is misleading, and whether it is material to consumers, will be determined by reference to the objective "reasonable consumer" standard and, thus, will be established by common, class-wide proof. The class's monetary injury likewise is susceptible to class-wide proof in the form of Plaintiff's proposed conjoint price premium methodology as explained in the expert report of Dr. J. Michael Dennis. These are the main issues in Plaintiff's claims for damages, and they predominate over any individualized issues that Defendant may conjure up.

With respect to her claims for injunctive relief, Plaintiff already established that she has standing for such relief. *Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR, 2020 WL 4016810, at *6 (N.D. Cal. July 16, 2020). Final injunctive relief in the form of labeling changes is appropriate for the class as a whole. As discussed further below, all requirements of Rule 23(a) are met as well. Accordingly, Plaintiff has met the standard for certifying the proposed class under Rule 23(b)(2) and Rule 23(b)(3).

## III. STATEMENT OF FACTS

Throughout the Class Period, Defendant labelled each and every Product with the same Vanilla Representations. Plaintiff saw and relied upon the Vanilla Representations in purchasing the Product. According to Plaintiff's expert witness, Dr. J. Michael Dennis, Plaintiff's understanding and reliance on the Vanilla Representations on the Product's label is in line with those of other reasonable consumers. However, as Defendant now concedes, ████████ ████████████████████████████████████████ ████████████████ .

### A. Plaintiff's Reliance and Economic Injury in Purchasing the Product During the Class Period

Plaintiff purchased the Product approximately once every two months during the Class Period for her and her spouse's consumption, including at a Safeway in Daley City, California, and at a Lucky on Sloat Boulevard in San Francisco. *See* Plaintiff's Response to Defendant's Interrogatory No. 4, dated September 30, 2020, attached as Exhibit A to Declaration of Michael R. Reese ("Reese Decl."). Plaintiff understood the representations on the Product to mean that it would only have flavoring from vanilla from the vanilla plant. Plaintiff's Response to Defendant's Interrogatory No. 13. Plaintiff was injured based on the price premium alleged to be charged for the Product. Plaintiff's Response to Defendant's Interrogatory No. 7.

### B. Consumers Have a Common Understanding of the Product's Label, That the Product's Vanilla Flavor Comes Exclusively from the Vanilla Plant

Plaintiff's expert, Dr. J. Michael Dennis, is the Senior Vice President at the National Opinion Research Center ("NORC"), one of the premier survey research organizations in the United States. Dr. Dennis leads the online panel survey research business for NORC. *See* Declaration of J. Michael Dennis, Ph.D., dated June 11, 2021 ("Dennis Decl.") at ¶ 3. Using methodologies well established in the published literature, he polled more than 500 consumers residing in California who purchased the Product in the past 12 months, to determine how they understood the Product's

1  label. *Id.* at ¶¶ 15-23. Using the same methodology accepted by the courts in numerous cases, he
2  determined that a substantial majority — 79.9% — understood the Product's label to mean that
3  "all of the vanilla flavor" comes from the vanilla plant, *i.e.*, vanilla extract. *Id.* at ¶ 20. Consumers'
4  understanding of the Product's label did not vary statistically in terms of age, gender, or
5  educational obtainment. Their perceptions also did not vary statistically by consumers' past
6  frequency of purchasing Breyers-branded ice cream or by whether Breyers-branded ice cream is
7  the brand they purchase the most often. *Id.* at ¶ 21.

8      Dr. Dennis' survey conforms with Defendant's own marketing of its Product. Plaintiff will
9  later prove at trial on the merits that Defendant stoked this perception, touting premium ingredients
10 derived from the vanilla plant, ███████████████████████████████████████
11 █████████████████████

### C. Consumers Seek Out and Pay a Premium for a Product Whose Vanilla Flavor Is Exclusively from Real Vanilla

15     Defendant falsely marketed the Product as being flavored exclusively with real vanilla
16 because that misrepresentation is material to consumers and inflated the Product's price.
17 According to Dr. Dennis, 88.6% of those surveyed prefer to purchase a Product for which all of
18 the vanilla flavor comes from the vanilla plant. Only 6.7% of consumers prefer to purchase a
19 Product for which not all of the vanilla flavor comes from the vanilla plant. Dennis Decl. at ¶ 24.
20 Thus, the source of the vanilla flavor is material to consumers' purchasing decisions, with almost
21 9 out of 10 preferring to purchase the Product for which the vanilla flavor is exclusively from
22 vanilla extract. *Id.*

23     To measure and isolate the price premium that consumers paid as a direct result of
24 Defendant's misrepresentations, Dr. Dennis proposes choice-based conjoint analysis, a widely
25 accepted methodology. Dennis Decl. at ¶¶ 77-79. Choice-based conjoint analysis utilizes a survey
26 where respondents are presented with various choices of product attributes, prices, and
27 alternatives. Respondents are asked to rank their preferences, which allows researchers to then

apply statistical methods, including regression analysis, to value those attributes in the market. *Id.* at ¶¶ 84-105. In calculating the price premium statistics, Dr. Dennis would select price points for the market simulations that correspond to the actual prices paid by consumers for the Products using, inter alia, pricing data obtained from Defendant through discovery. By using actual real-world pricing of the Products sold during the Class Period, he would incorporate into his market simulation both demand- and supply-side factors that determine actual, real-world transaction prices. *Id.* at ¶¶ 97, 120. He also would conduct a number of verifications to ensure the quality of the data obtained. *Id.* at ¶¶ 97-120.

### D. Defendant Engaged in the Same Misconduct Throughout the Class Period

All of the Product's vanilla flavor does not come from the vanilla plant. Defendant admitted that the Product is flavored ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Defendant's Response to Plaintiff's Interrogatory Request No. 5 and 6, attached as Exhibit B to Reese Decl. Throughout the Class Period, Defendant did not change the formula of the Product. *See* Defendant's Supplemental Response to Plaintiff's Interrogatory Request No. 4, attached as Exhibit C to Reese Decl. Moreover, the evidence establishes that Defendant displayed the Vanilla Representations on the front of all packages of the Product throughout the Class Period. Reese Decl. at ¶ 8; Defendant's Supplemental Response to Plaintiff's Interrogatory Request No. 8, attached as Exhibit D to Reese Decl.

## IV. LEGAL STANDARD

To obtain class certification, plaintiffs bear the burden of showing that they have met each of the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001). "A party seeking class certification must affirmatively demonstrate . . . compliance with the Rule . . . ." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("*Dukes*").

Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). That is, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation to maintain a class action. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

If all four prerequisites of Rule 23(a) are satisfied, the Court also must also find that Plaintiff satisfies at least one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). As relevant here, Plaintiff seeks certification under Rule 23(b)(3) and 23(b)(2). A class may be certified under Rule 23(b)(3) if a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). A class may be certified under Rule 23(b)(2) if a court finds that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The class certification analysis "may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465-66 (2013). Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 466. "Merits questions may be considered to the extent—but only to the

extent—that they are relevant to determine whether the Rule 23 prerequisites for class certification are satisfied." *Id.* If a court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser*, 253 F.3d at 1186.

## V. ARGUMENT

### A. The Class Satisfies the Requirements of Rule 23(a)

#### 1. The proposed class—the members of which number in the thousands—satisfies numerosity

Rule 23(a)(1) requires the class to be so numerous that joinder of all class members is "impracticable." Fed. R. Civ. P. 23(a)(1). While "[t]he numerosity requirement is not tied to any fixed numerical threshold[,] . . . [i]n general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010) (unpublished).

Here, Defendant is unlikely to contest numerosity because it is clear that the class is sufficiently numerous. *See Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 607 (N.D. Cal. 2018) (finding numerosity requirement satisfied even though neither party addressed this prong with any detail). Defendant sold tens of thousands of units of its Product in California during the Class Period. *See* Reese Decl., Exhibit E (showing Defendant's sales of Product for past five years).

#### 2. Plaintiff's claims share common questions of law and fact

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[A]ll questions of fact and law need not be common to satisfy the rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* In a false labeling case such as this, "the central question is whether [the defendant's labels] were likely to deceive a reasonable consumer." *Kumar v. Salov North America Corp.*, No. 14-cv-02411-YGR, 2016 WL 3844334, at *4 (N.D. Cal. July 15, 2016). Under the UCL, CLRA, and FAL, "[p]laintiffs need not prove that the putative class

members individually relied on the allegedly misleading claims but instead that members of the public are likely to be deceived by those claims." *McMorrow v. Mondelēz International, Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL 859137, at *12 (S.D. Cal. Mar. 8, 2021). Thus, where there are "identical statements on the labels of the products at issue," the answer to that question will "be based on common facts." *Kumar*, 2016 WL 3844334, at *4. As a result, "[i]n other consumer fraud cases in this district, courts have found similar common questions to be sufficient to satisfy commonality." *Fitzhenry-Russell*, 326 F.R.D. at 607-08 (citing numerous cases).

In *Bailey v. Rite Aid Corp.*, -- F.R.D. --, Case No. 4:18-cv-06926 YGR, 2021 WL 1668003, at *5-9 (N.D. Cal. Apr. 28, 2021), this Court concluded that the plaintiff met his burden to show commonality for his UCL, FAL, and CLRA claims. This case is no different. Here, just as in *Bailey*, the "commonality requirement is met because two questions, which are integral to [her] claims under the UCL, FAL, and CLRA, can be resolved with common proof," namely: (1) the question of whether the Vanilla Representations were likely to deceive reasonable consumers; and (2) whether the Vanilla Representations were material to reasonable consumers. *Id.* at *5.

### 3. Plaintiff's claims are typical of the other class members' claims

"Typicality focuses on the class representative's claim--but not the specific facts from which the claim arose--and ensures that the interest of the class representative aligns with the interests of the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). "The requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Id.* "Some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality." *Hanlon*, 150 F.3d at 1020. Typicality is satisfied if the named plaintiff's claims stem from the same practice or course of conduct that forms the basis of the class's claims and are based upon the same legal remedial theory. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

Plaintiff's claims are typical of those of the other Class members. She, like all class members: purchased the Product during the Class Period that Defendant had labeled with the Vanilla Representations; believed based on the Vanilla Representations that all of the vanilla flavor of the Product was from the vanilla plant; paid a price premium based on the Vanilla Representations; and seeks damages, restitution, and injunctive relief. *See* Exhibit A to Reese Decl. (Plaintiff's responses to Defendant's Interrogatories Nos. 4. 7. 13); Complaint at ¶¶ 92-122, Prayer for Relief. Courts routinely find similar facts sufficient for typicality. *See, e.g.*, *Bailey*, 2021 WL 1668003, at *9-10, *Pettit v. Procter & Gamble Co.*, No. 15-cv-02150-RS, 2017 WL 3310692, at *4 (N.D. Cal. Aug. 3, 2017) ("Pettit's claims are typical of the putative class claims; she claims to have purchased Freshmates under the apprehension they were appropriate for flushing down the toilet, and now alleges she is owed restitution of the price premium she paid for an ostensibly 'flushable' product because P&G's 'flushable' label was false."). Differences in the specific purchase experience of the plaintiffs do not defeat typicality. *See, e.g.*, *Fitzhenry-Russell*, 326 F.R.D. at 609 (rejecting argument that the plaintiff was not typical because she likes the flavor and taste of the product and still would have bought it even without the "Made From Real Ginger" claim); *Pettit*, 2017 WL 3310692, at *4 ("Pettit's personal experience with [the product at issue] is not crucial to her typicality.").

For these reasons, Plaintiff's claims are typical of the other class members' claims.

### 4. Plaintiff satisfies the adequacy-of-representation requirement because her interests coincide with the class's interests

Rule 23(a)(4) requires that the class representative and class counsel "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In the Ninth Circuit, this is satisfied if (1) neither the representative plaintiff nor her counsel "have any conflicts of interest with other class members," and (2) the representative plaintiff and her counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Plaintiff has no conflict with other class members. *See* Exhibit A to Reese Decl. (Plaintiff's Response to Defendant's Interrogatory No. 15). She will fairly and adequately protect the interests of the members of the Class because it is in her best interest to prosecute the claims alleged in the

Complaint to obtain full compensation due to all members for the illegal conduct of which she complains. She stands in the same shoes as all other members of the Class, seeks the same relief as the other class members, and has a common interest in obtaining all of the relief sought. Plaintiff's counsel also will adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in class-action litigation. *See* Firm Resumes and Attorney CVs, attached as Exhibits E and F to Reese Decl. Neither firm has any conflicts of interest with members of the Class. Reese Decl. at ¶ 15. Both Plaintiff and her counsel have prosecuted and will prosecute the action vigorously on behalf of the Class. *Id.* at ¶ 10-11. Consequently, Plaintiff has sufficiently established adequacy of representation. *See, e.g.*, *Bailey*, 2021 WL 1668003, at *11-12.

Thus, all four prongs of Rule 23(a) are satisfied.

**B. The Class Satisfies Rule 23(b)(2)**

Rule 23(b)(2) applies "when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360. "When a class seeks an indivisible injunction benefiting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is superior method of adjudicating the dispute." *Id.* at 362-63. "Predominance and superiority are self-evident." *Id.* at 363. Thus, "it is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (internal quotation marks omitted).

The remedy sought by Plaintiff is class-wide, homogenous injunctive relief, namely, changes to the Product's label to cure the deception. Given the significant suitability of this controversy to singular injunctive relief, Plaintiff has shown that a 23(b)(2) class should be certified. *See Zeiger v. WETPET LLC*, -- F. Supp. 3d --, No. 3:17-cv-04056-WHO, 2021 WL 756109, at *30 (N.D. Cal. Feb. 26, 2021) (granting certification under Rule 23(b)(2), finding that an injunction "would prohibit the alleged misrepresentations as to all class members").

### C. The Class Satisfies Rule 23(b)(3)

The Class also satisfies both prongs of Rule 23(b)(3): predominance and superiority.

#### 1. Common questions predominate

The predominance inquiry asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation. The focus is on the relationship between the common and individual issues." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (internal quotation marks and citation omitted)). Predominance does not require that all issues in the case be common. Rather, the common questions need only be "a significant aspect of the case . . . [that] can be resolved for all members of the class in a single adjudication." *Mazza*, 666 F.3d at 589. Courts routinely find predominance in false labeling cases. "[B]ecause deception and materiality under the FAL, CLRA, and UCL are objective questions, they are ideal for class certification because they will not require the court to investigate class members' individual interaction with the challenged products." *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115 (N.D. Cal. 2018) (internal quotation marks and edits omitted); *see also Bailey*, 2021 WL 1668003, at *13 ("Courts routinely hold that if a plaintiff shows by a preponderance of the evidence that the questions of materiality and likelihood of deception can be resolved with common evidence based on the objective reasonable consumer standard, then common questions predominate over individual ones with respect to claims under the UCL, CLRA, and FAL."; finding predominance and certifying 23(b)(3) class); *Kumar*, 2016 WL 3844334, at *7-10 (finding predominance in false labeling action based on common questions regarding deception, materiality, and class-wide proof of restitution; certifying class); *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2016 WL 1535057, at *6-7 (N.D. Cal. Apr. 15, 2016) (same); *Pettit*, 2017 WL 3310692, at *2-4, 5.

Defendant likely will argue that questions regarding damages are individualized. Not so. At this stage, Plaintiff need only demonstrate the existence of a viable damages model that makes use of common, class-wide evidence. This remains true after the Supreme Court's decision in *Comcast*, which reaffirmed that the issue of the commonality of damages calculation is just one of the factors in determining the predominance requirement under Rule 23(b)(3).

Here, Plaintiff's theory of liability is that Defendant misrepresented that the Product's vanilla flavor was exclusively derived from the vanilla plant and that this alleged misrepresentation caused consumers to pay a higher price for the Product. To measure the value of an individual product attribute such as a specific understanding of the label, Plaintiff's expert, Dr. Dennis, proposes a choice-based conjoint survey methodology. Dennis Decl. at ¶ 79. Dr. Dennis' proposed conjoint methodology has been used for decades by academic researchers, industry marketing departments, and government agencies to determine the price premium attributable to particular product attributes, such as label claims. *Id.* at ¶ 87. Choice-based conjoint analysis, which is the specific methodology Dr. Dennis will use, is the most widely used type of conjoint survey, and over 18,000 conjoint surveys are estimated to take place each year in commercial applications. *Id.*

Numerous courts have approved of conjoint analysis as a methodology to determine the price attributable to a misrepresentation on a product label. *Id.* at ¶¶ 80, 82. *See, e.g.*, *McMorrow*, 2021 WL 859137, at *7-10 (accepting Dr. Dennis' conjoint analysis methodology and certifying class); *Fitzhenry-Russell*, 326 F.R.D. at 603-06, 615 (accepting Dr. Dennis' conjoint analysis methodology and certifying class); *de Lacour v. Colgate-Palmolive Co.*, 16-cv-8364-KMW, 2021 WL 1590208, at *15 (S.D.N.Y. Apr. 23, 2021) (accepting Dr. Dennis' conjoint analysis methodology and certifying class); *see also Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 575 (N.D. Cal. 2020) (stating that "conjoint surveys and analyses have been accepted against *Comcast* and *Daubert* challenges by numerous courts in consumer protection cases challenging false or misleading labels"; accepting methodology and certifying class); *Bailey*, 2021 WL 1668003, at *15 ("In mislabeling cases where the injury suffered by consumers was in the form of an overpayment resulting from the alleged misrepresentation at issue, such as here, courts routinely hold that choice-based conjoint models that are designed to measure the amount of overpayment satisfy *Comcast*'s requirements."; accepting methodology and certifying class).

This Court should follow the same reasoning and conclude that Plaintiff has met her burden to show that her proposed damages model comports with *Comcast* and that damages are capable of measurement on a class-wide basis.

### 2. A class action here is superior

Rule 23(b)(3) enumerates four factors to consider with respect to "superiority": "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). There is little to be gained by class members filing individual claims because the amounts are only a few dollars per purchase. Moreover, judicial resources would be conserved by concentrating the action in a single suit. Finally, the adjudication of class claims would not be significantly more burdensome than if the matter were prosecuted individually, whereas the prosecution of individual remedies could establish inconsistent standards of conduct for Defendant. Simply put, certification is appropriate because this case can be tried in a more efficient and practical manner on a class-wide basis. *See Zeiger*, 2021 WL 756109, at *23 ("Based on the amount at stake for any individual, it would be impracticable for them to carry out a full consumer protection case, especially given the expertise required in this one. A class action, on the other hand, would permit a jury to determine essentially all of the important questions in the suit on a class-wide basis."); *Bailey*, 2021 WL 1668003, at *17 (finding class action treatment superior); *Fitzhenry-Russell*, 326 F.R.D. at 616 (same); *Krommenhock*, 334 F.R.D. at 567 (same); *McMorrow*, 2021 WL 859137, at *17 (same).

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
*Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR
13

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion for class certification and certify the following class:

> All persons who purchased Breyers Natural Vanilla Ice Cream in the State of California at any time from April 21, 2016 through the final disposition of this Action.

Plaintiff further requests that the Court appoint (1) her as class representative on all claims and (2) Reese LLP and Sheehan & Associates, P.C. as co-lead counsel for the class.

Respectfully submitted,

Date: June 11, 2021

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (admitted *pro hac vice*)
*spencer@spencersheehan.com*
505 Northern Boulevard, Suite 311
60 Cuttermill Road, Suite 409
Great Neck, New York 11021
Telephone:  (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff Lisa Vizcarra and the Proposed Class*