**REESE LLP**
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Admitted Pro Hac Vice)
spencer@spencersheehan.com
505 Northern Boulevard, Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA VIZCARRA, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Case No. 4:20-cv-02777-YGR<br><br>**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date:  September 27, 2022<br>Time:   2:00 pm<br>Courtroom:  1 (1301 Clay Street)<br>Judge:  Hon. Yvonne Gonzalez Rogers |

---

PLAINTIFF'S RENEWED MOTION TO FOR CLASS CERTIFICATION
*Vizcarra v. Unilever United States, Inc.*, No. 4:20-cv-02777-YGR

## NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 27, 2022 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, Oakland Courthouse, Courtroom 1 – 4th Floor, located at 1302 Clay Street, Oakland, California 94612, before the Honorable Yvonne Gonzalez Rogers, plaintiff Liza Vizcarra will, and hereby does, make her renewed motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify the following class:

> All persons residing in California who have purchased Breyers Natural Vanilla Ice Cream, for their own use and not for resale, since April 21, 2016.

Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

The Class will pursue claims under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"); the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); and the California Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq., ("CLRA").

Plaintiff further requests that the Court appoint (1) Plaintiff Liza Vizcarra as class representatives on all claims, and (2) Reese LLP and Sheehan & Associates, P.C. as co-lead class counsel.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Revised Expert Report of Dr. J. Michael Dennis, dated February 18, 2022, the Reply Expert Report of Dr. J. Michael Dennis, dated June 16, 2022, the exhibits attached thereto, and on such other written and oral arguments as may be presented to the Court.

| | |
|---|---|
| 1 | Dated: June 17, 2022 |

Respectfully submitted,

**REESE LLP**

By: /s/ Sue J. Nam
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Blvd Ste 311
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff and the Proposed Class*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ iii

TABLE OF AUTHORITIES ..........................................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

    I.    STATEMENT OF ISSUES TO BE DECIDED ......................................................1

    II.    INTRODUCTION ..................................................................................................1

    III.    THE REVISED DENNIS REPORT ......................................................................3

        A.    Consumers Have a Common Understanding of the Vanilla Representations that the Product's Vanilla Flavor Comes Exclusively from the Vanilla Plant. .......3

        B.    The Vanilla Representations Are Material to Consumers' Purchase Decisions......5

        C.    The Revised Proposed Damages Model Can Measure the Premium Paid by Consumers Resulting from the Vanilla Representations. .........................................7

    IV.    ARGUMENT..........................................................................................................8

        A.    Plaintiff Satisfied Rule 23(a). .....................................................................................8

            1.    The class satisfied the numerosity, typicality and adequacy-of-representation requirements of Rule 23(a). ..................................................8

            2.    Plaintiff now has shown her claims share common questions of law and fact. ..................................................................................................................9

        B.    Plaintiff Satisfied Rule 23(b)(2). ................................................................................9

        C.    Plaintiff Satisfied Rule 23(b)(3). ..............................................................................10

            1.    Common questions on Plaintiff's UCL, FAL, and CLRA claims predominate. ..................................................................................................10

            2.    Plaintiff's proposed damages analysis is consistent with her theory of liability.............................................................................................................10

    V.    CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF,
　2018 WL 4952519 (N.D.Cal. Sept. 25, 2018) ................................................................... 11

*Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084 (N.D. Cal. 2018) .................................... 11

*Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552 (N.D. Cal. 2020) ............................. 11, 12

*McMorrow v. Mondelēz International, Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL
　859137 (S.D. Cal. Mar. 8, 2021) ................................................................................ 11, 12

*Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*,
　993 F.3d 774 (9th Cir. 2021), *vacated en banc*, 5 F.4th 950 (9th Cir. 2021) .................... 10

*Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*,
　31 F.4th 651 (9th Cir. 2022) ............................................................................................ 11

*Schneider v. Chipotle Mexican Grill, Inc.*, 328 F.R.D. 520 (N.D. Cal. 2018) ......................... 12

*Sharpe v. A&W Concentrate Co.*, 19-cv-768,
　2021 WL 3721392 (E.D.N.Y. July 23, 2021) ............................................................. 11, 12

*United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ................................................ 8

*Vizcarra v. Unilever United States, Inc.*, 339 F.R.D. 530 (N.D. Cal. 2021) .................... passim

**REGULATIONS**

Bus. & Prof. Code §§ 17200, et seq. ("UCL"). ........................................................................ 1

Bus. & Prof. Code §§ 17500, et seq. ("FAL") ......................................................................... 1

Cal. Civ. Code §§ 1750, et seq. ("CLRA"). ............................................................................. 1

**RULES**

Federal Rule of Civil Procedure 23 ................................................................................. passim

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Liza Vizcarra ("Plaintiff") respectfully submits the following in support of her renewed motion for class certification under Federal Rule of Civil Procedure 23. Because this Court is familiar with the facts and legal standard from Plaintiff's prior motion for class certification, ECF No. 48-4, they are not repeated here.

## I.     STATEMENT OF ISSUES TO BE DECIDED

Has Plaintiff met the requirements of Rule 23 for certification of the proposed class in her renewed motion for class certification, given that Plaintiff now has made a showing sufficient to satisfy the commonality requirement of Rule 23(a) and the predominance requirement of Rule 23(b)(3)?

## II.    INTRODUCTION

Unilever United States, Inc. ("Defendant" or "Unilever") manufactures, markets, and sells Breyers Natural Vanilla Ice Cream (the "Product") in cartons, the front label of which stated "Natural Vanilla" in large, light green letters against a black background and displayed images of vanilla beans, vanilla flowers, and a scoop of ice cream with noticeable dark specks (collectively, the "Vanilla Representations"). Class Action Complaint, ECF No. 1, at ¶ 12. Plaintiff alleged that she relied upon the Vanilla Representations when purchasing the Product and that the Vanilla Representations led her to believe that the Product's vanilla flavor "would come only from the vanilla plant," *id.*, even though some of the vanilla flavor is derived from non-vanilla plant sources, *id.* at ¶ 27. Plaintiff alleged violations of the unlawful and unfair/fraudulent prongs of California's Unfair Competition Law (the "UCL"), violation of California's False Advertising Law (the "FAL"), and violation of the Consumer Legal Remedies Act ("CLRA"). Plaintiff seeks monetary damages pursuant to the CLRA; injunctive relief for future harms pursuant to the UCL, FAL and CLRA; and restitution pursuant to the UCL and FAL. Class Action Complaint at ¶¶ 92-122; Prayer for Relief.

In *Vizcarra v. Unilever United States, Inc.*, 339 F.R.D. 530, 539-542 (N.D. Cal. 2021), this Court denied Defendant's motion to exclude the opinions of Plaintiff's expert, Dr. J.

Michael Dennis. With respect to Plaintiff's motion for class certification, the Court denied Plaintiff's motion without prejudice. The Court held that, although Plaintiff met all other requirements for class certification, Plaintiff did not establish the commonality requirement of Rule 23(a) or the predominance requirement of Rule 23(b)(3). *Vizcarra*, 339 F.R.D. at 543-56. The Court concluded that, although Plaintiff's theory of liability is premised on the Vanilla Representations, Plaintiff's expert evidence did not specifically test the effect of the Vanilla Representations on consumers' expectations or beliefs. "[I]nstead, it tested the effect of *the entire package*, which contained the Vanilla representations *as well as* other statements and elements that are not at issue in this action." *Vizcarra*, 339 F.R.D. at 546 (italics in original).

In this renewed motion for class certification, Plaintiff addressed what this Court concluded was deficient in her first motion. Plaintiff now presents the Revised Expert Report of Dr. J. Michael Dennis, dated February 18, 2022 ("Revised Dennis Report"), filed concurrently herewith. In the Revised Dennis Report, Plaintiff's expert isolated the Vanilla Representations in his consumer surveys and his proposed methodology for calculating a price premium.

Plaintiff also contests the expert opinions of Olivier Toubia, Defendant's expert witness, to the extent that Defendant relies upon his testimony to suggest that Dr. Dennis' revised surveys and price premium methodology remain flawed. *See* Reply Expert Report of Dr. J. Michael Dennis, dated June 16, 2022 ("Reply Report"), filed concurrently herewith. In denying Plaintiff's first motion for class certification, this Court noted multiple times that Plaintiff did not challenge Dr. Toubia's opinions. *See Vizcarra*, 339 F.R.D. at 545, 546, 550, 552, 555. In the Reply Report, Dr. Dennis responds point-by-point to all of Dr. Toubia's criticisms of the Revised Dennis Report and concludes that they "[have] not undermined or otherwise affected [his] confidence in the reliability or validity of [his] consumer surveys or in the scientific rigor of [his] proposed price premium survey." Reply Report at ¶ 65.

Plaintiff has met the standard for certifying the proposed class under Rule 23 in this renewed motion because Plaintiff submitted persuasive common evidence as to the likelihood

of deception resulting from the Vanilla Representations and the materiality of the Vanilla Representations. Plaintiff also submitted persuasive evidence that Dr. Dennis' proposed damages analysis would measure a price premium consistent with Plaintiff's theory of liability with respect to the Vanilla Representations. Having satisfied the only two factors that this Court found lacking, namely, the commonality requirement of Rule 23(a) and the predominance requirement of Rule 23(b)(3), Plaintiff respectfully requests that her renewed motion for class certification be granted.

### III.   THE REVISED DENNIS REPORT

#### A.   Consumers Have a Common Understanding of the Vanilla Representations that the Product's Vanilla Flavor Comes Exclusively from the Vanilla Plant.

In his revised report, Dr. Dennis tackles head-on this Court's decision denying class certification. He acknowledged that the "Court correctly observed that my consumer and materiality surveys 'rely on showing respondents images of *the entire package* of the ice cream at issue' instead of the specific Vanilla Representations." Revised Dennis Report at ¶ 6 (quoting *Vizcarra*, 339 F.R.D. at 541). He explained, "In my second consumer survey, I have addressed this issue by testing and isolating the impact of just the Vanilla Representations on respondents' expectations of the source of the vanilla flavor in the ice cream [at] issue and any materiality attributable to the Vanilla Representations in respondents' purchasing decisions." *Id.*

To do this, Dr. Dennis changed the consumer perception survey by presenting to the respondents an un-branded ice cream product that displayed **only** the at-issue Vanilla Representations on the front label of the Product, *i.e.*, the "Natural Vanilla" statement and the images of vanilla beans, vanilla flowers, and the noticeable dark specks in the scoop of vanilla ice cream. *Id.* at ¶ 28.

The following is the stimulus used by Dr. Dennis in his revised consumer perception survey:



*Id.* at ¶ 30.

In contrast, Dr. Dennis previously used the entirety of the front label of the Product, which included elements that this Court concluded were not challenged by Plaintiff, such as the Breyers brand name and logo:



*See* ECF No. 47-2 at ¶¶ 53-55.

His revised consumer survey determined that a substantial majority—78.7%—perceived the Vanilla Representations to communicate that "all of the vanilla flavor" comes from the vanilla plant. *Id.* at ¶ 44. Consumers' understanding of the Product's label did not vary statistically in terms of age, gender, or educational obtainment. Their perceptions also did not vary statistically by consumers' past frequency of purchasing Breyers-branded ice cream or by whether Breyers-branded ice cream is the brand they purchase the most often. *Id.* at ¶ 45. Dr. Dennis concluded from his consumer survey that a reasonable consumer in the state of California perceives the

Vanilla Representations to convey that all the vanilla flavor comes from vanilla extract (made from the vanilla plant). *Id.* at ¶ 53.

### B.  The Vanilla Representations Are Material to Consumers' Purchase Decisions.

Similar to the consumer perceptions survey, Dr. Dennis modified the materiality survey so that it isolated and tested only the Vanilla Representations. In the materiality survey, he asked respondents to consider two ice cream products for purchase, the only difference between the two products being that Ice Cream A displays the Vanilla Representations and Ice Cream B does not.


Ice Cream A


Ice Cream B

By providing these two options to consider for purchase, his survey isolated and measured the materiality of the product having the Vanilla Representations relative to the product without them. *Id.* at ¶ 33.

Dr. Dennis randomized the order of the ice cream products shown to respondents. The actual referendum question is shown below (with the yellow shading in the question being the result of taking the screen shot in test mode). *Id.* at ¶ 33.

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |

14        Dr. Dennis previously used the entirety of the front label of the Product in his materiality survey and displayed aspects of the Product's label that are not elements of the Vanilla Representations at issue, such as the Breyers name and logo. The referendum question he previously used is shown below:

| Product Features | ICE CREAM A | ICE CREAM B |
|---|---|---|
| Brand | Breyers | Breyers |
| Product Name | Natural Vanilla | Natural Vanilla |
| Price | Same | Same |
| Source of Vanilla Flavor | All of the vanilla flavor comes from vanilla extract | Not all of the vanilla flavor comes from vanilla extract |
| Amount of Ice Cream | 1.5 Quarts | 1.5 Quarts |
| Availability at the same Frozen Temperature at Store | Same | Same |
| Product Packaging and Labels | Same | Same |
| Calories per serving | 170 Calories per 2/3 Cup Serving | 170 Calories per 2/3 Cup Serving |
| Nutrition Information on front of Package | Same | Same |
| Please select one for purchase | ○ | ○ |
| Don't Know | | ○ |

If these were your only two options, which of these two ICE CREAM products would you purchase? Click HERE to see the package again.

*See* ECF No. 47-2 at ¶ 64.

Based on the revised materiality survey that isolated and tested the effect of the Vanilla Representations, Dr. Dennis found that almost 9 out of 10 consumers (88.8%) indicated that they would prefer to purchase the Product having the Vanilla Representations. Only 11.2% reported that they would prefer to purchase the Product not having the Vanilla Representations. *Id.* at ¶ 47. As a result, Dr. Dennis concluded from his materiality survey that the Vanilla Representations are material to purchase decision-making for a reasonable consumer in the state of California. *Id.* at ¶ 54.

**C. The Revised Proposed Damages Model Can Measure the Premium Paid by Consumers Resulting from the Vanilla Representations.**

To address this Court's previous decision, Dr. Dennis documented a revised price premium

study that can provide reliable price premium statistics for measuring any price premium "based solely on the Vanilla Representations rather than the entire product packaging." Revised Dennis Report at ¶ 58. The research question would be "the extent to which class members paid a price premium as a result of the Vanilla Representations, or, put slightly differently, at what price point would the reasonable consumer be willing to purchase the product without the Vanilla Representations." *Id.* at ¶ 59. Dr. Dennis opined that the "market price premium attributable to the Vanilla Representations, if any, can be determined through a straightforward exercise based on a modified referendum question" that he used in the Revised Dennis Report. *Id.* at ¶ 60. Dr. Dennis also would take into account supply-side factors in his price premium survey and analysis by incorporating "the actual historical price paid by consumers during the class period." *Id.* at ¶ 61. *See also* Reply Report at ¶¶ 58-59 (explaining that his proposed methodology will take into account supply-side considerations by featuring the actual market price of the Defendant's Product based on actual market transactions).

## IV. ARGUMENT

### A. Plaintiff Satisfied Rule 23(a).

#### 1. The class satisfied the numerosity, typicality and adequacy-of-representation requirements of Rule 23(a).

This Court already concluded, based on evidence that has not changed, that Plaintiff satisfied the numerosity, typicality, and adequacy-of-representation requirements of Rule 23(a). *Vizcarra*, 339 F.R.D. at 543, 550-51. This is now the law of the case and cannot be reargued by Defendant. "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). There are only a narrow number of conditions that give courts discretion to depart from the law of the case, none of which are applicable here. They are: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id.* "Failure to apply the

doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.*

### 2. Plaintiff now has shown her claims share common questions of law and fact.

In its previous decision, the Court explained that the key factor in its conclusion that Plaintiff failed to show questions of law or fact common to the class was Dr. Dennis' testing of the entire package rather than isolating the Vanilla Representations. *Vizcarra*, 339 F.R.D. at 546-47, 549-50. In his revised report, Dr. Dennis isolated and tested the effect of the Vanilla Representations on consumers' expectations or beliefs. Accordingly, Plaintiff has presented persuasive common evidence that could resolve the questions of (1) whether a reasonable consumer was likely to be deceived by the Vanilla Representations and (2) whether the Vanilla Representations were material to a reasonable consumer. Revised Dennis Report at ¶¶ 42-54. Specifically, Dr. Dennis concluded from his consumer survey that a reasonable consumer in the state of California perceives the Vanilla Representations to convey that all the vanilla flavor comes from vanilla extract (made from the vanilla plant). *Id.* at ¶ 53. Dr. Dennis also concluded from his materiality survey that the Vanilla Representations are material to purchase decision-making for a reasonable consumer in the state of California. *Id.* at ¶ 54.

Plaintiff thus satisfied all four prongs of Rule 23(a).

### B. Plaintiff Satisfied Rule 23(b)(2).

On Plaintiff's previous motion for class certification, this Court concluded: "In the absence of any dispute that the injunctive relief that Vizcarra seeks would apply to the proposed class as a whole and would be appropriate as a result of the alleged uniform conduct by Unilever affecting the entire proposed class, the Court finds that Vizcarra has satisfied the requirements of Rule 23(b)(2)." *Vizcarra*, 339 F.R.D. at 551. Again, this is the law of the case. This Court declined to certify a Rule 23(b)(2) class only "because of Vizcarra's failure to satisfy the commonality requirement" of Rule 23(a). *Id.* Because Plaintiff now satisfied the commonality requirement, a Rule 23(b)(2) class can be certified.

### C. Plaintiff Satisfied Rule 23(b)(3).

Plaintiff also satisfies both prongs of Rule 23(b)(3): predominance and superiority. On Plaintiff's previous motion for class certification, this Court concluded that the superiority requirement was met. *Vizcarra*, 339 F.R.D. at 556. With the Revised Dennis Report and Reply Report, Plaintiff also established predominance.

#### 1. Common questions on Plaintiff's UCL, FAL, and CLRA claims predominate.

The Court, pointing to Dr. Dennis' original report, concluded that Plaintiff did not meet the predominance requirement of Rule 23(b)(3) as to her claims: "Vizcarra has not shown that the two questions central to a claim under the UCL and FAL, on the one hand, and the CLRA, on the other hand, namely likelihood of deception and materiality, respectively, are susceptible to resolution with common proof." *Vizcarra*, 339 F.R.D. at 552. As discussed above, Plaintiff has shown persuasive evidence, in the form of the Revised Dennis Report and the Reply Report, of common proof capable of answering those questions on a classwide basis and that those common questions predominate over any affecting only individual members.

#### 2. Plaintiff's proposed damages analysis now is consistent with her theory of liability.

As this Court noted in its decision on Plaintiff's previous motion, Defendant challenged Plaintiff's proposed damages model on three grounds: (1) Dr. Dennis' proposed model will not test or isolate any price premium caused by the Vanilla Representations; (2) Dr. Dennis' proposed model lacks the requisite particularity under *Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021); and "(3) Dr. Dennis' proposed model will not take into account supply-side factors." *Vizcarra*, 339 F.R.D. at 553.

This Court considered all these arguments, but it only agreed with Defendant's first argument. The Court held: "Vizcarra's proposed methodology for calculating damages does not isolate the Vanilla Representations that form the basis of her theory of liability, and accordingly, it is incapable of calculating the price premium, if any, caused by those alleged

misrepresentations." *Vizcarra*, 339 F.R.D. at 554. Dr. Dennis has revised his proposed methodology for calculating damages to be consistent with Plaintiff's theory of liability. His proposed damages model now isolates the price premium, if any, caused solely by the Vanilla Representations. *See* Revised Dennis Report at ¶ 58-67.

This Court rejected Defendant's second argument that *Olean* requires a court to ensure that a proposed damages analysis "would not sweep in more than a *de minimus* number of proposed class members who were uninjured." *Vizcarra*, 339 F.R.D. at 553. The Court noted that *Olean* was vacated to be reheard on banc. *Id.* at n. 5. Indeed, since this Court's decision, the Ninth Circuit issued its en banc decision, *Olean*, 31 F.4th 651 (9th Cir. 2022), and rejected the *de minimus* formulation articulated by the original panel.

This Court also found unavailing the notion that choice-based conjoint models inherently cannot satisfy *Comcast*'s requirements. The Court explained:

> In mislabeling cases where the injury suffered by consumers was in the form of an overpayment (or price premium) resulting from the alleged misrepresentation at issue, courts routinely hold that choice-based conjoint models that are designed to measure the amount of overpayment arising out of the alleged malpresentation at issue satisfy *Comcast*'s requirements.

*Vizcarra*, 339 F.R.D. at 553.

Defendant likely will attempt to repeat its prior argument that Plaintiff's damages model is fatally flawed because Dr. Dennis fails to incorporate supply-side market factors. This is an often made and often rejected argument. *See*, *e.g.*, *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 575-76 (N.D. Cal. 2020) (rejecting argument); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1104-07 (N.D. Cal. 2018) (rejecting argument); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2018 WL 4952519, at * 17 (N.D.Cal. Sept. 25, 2018) (rejecting argument); *McMorrow v. Mondelēz International, Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL 859137, at * 4 (S.D. Cal. Mar. 8, 2021) (rejecting argument).

As the court explained in *Sharpe v. A&W Concentrate Co.*, 19-cv-768, 2021 WL 3721392 (E.D.N.Y. July 23, 2021), a proposed damages analysis adequately accounts for supply-side factors in mislabeling cases such as this if the prices used in the surveys underlying the analyses

reflect the actual market prices that prevailed during the class period.

> That framework makes sense in a mislabeling case. . . . A conjoint survey that asks respondents whether they would rather pay x for a product labeled "100% Fruit Juice" or y for a similar product labeled 50% Fruit Juice," for example, would account for supply-side factors if both x and y reflect the prices for which juice companies actually sell similarly labeled products in the marketplace. . . . Dr. Dennis's survey purports to do just that.

*Id.* at * 8 (internal citation and quotation omitted). *See also Schneider v. Chipotle Mexican Grill, Inc.*, 328 F.R.D. 520, 541 (N.D. Cal. 2018) (concluding that because expert report based its price options on actual prices that Chipotle charged for the food items at issue,"[t]his is sufficient to tie the measured willingness to pay to the real-world marketplace in which Chipotle's products are sold").

Dr. Dennis made clear in his reports that he will incorporate into his proposed methodology the actual market prices that prevailed during the class period. Revised Dennis Report. *Id.* at ¶ 61; Reply Report at ¶¶ 58-59. This is sufficient for Plaintiff's proposed model of classwide damages to satisfy the predominance requirement. *See, e.g.*, *Krommenhock*, 334 F.R.D. at 567 (plaintiffs satisfied predominance requirement because damages model using conjoint surveys and analyses fit plaintiffs' theory of liability and was "reliable and admissible for purposes of providing classwide damages"); *McMorrow*, 2021 WL 859137, at *4-6, *15 ("the Court finds unavailing [defendant]'s argument that Plaintiffs' damages model cannot satisfy *Comcast* because of its inability to account for supply-side and competitive factors"); *Sharpe*, 2021 WL 3721392, at * 8 ("[Dr. Dennis] claims that the conjoint analysis will incorporate historical data on the quantity and price of the products sold during the class period. At the class certification stage, that is enough.").

In sum, on this renewed motion, Plaintiff has proposed a damages model that is (1) consistent with her theory of liability and (2) capable of measuring damages on a classwide basis, thereby satisfying the predominance requirement of Rule 23(b)(3).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion for certification of a class under Rule 23; appoint her as class representatives on all claims; and appoint Reese LLP and Sheehan & Associates, P.C. as co-lead counsel for the class.

Date: June 17, 2022

Respectfully submitted,

**REESE LLP**

By: */s/ Sue J. Nam*
Sue J. Nam (State Bar No. 206729)
*snam@reesellp.com*
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**REESE LLP**
George V. Granade (Cal. State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone:  (310) 393-0070

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
*spencer@spencersheehan.com*
505 Northern Blvd Ste 311
Great Neck, New York 11021-5101
Telephone: (516) 303-0552

*Counsel for Plaintiff and the Proposed Class*